Hon. THOMAS C. BACH,
Hon. STEPHEN DE WOLFE, } Associate Justices.
Hon. MOSES J. LIDDELL,

## TERRITORY OF MONTANA, RESPONDENT, *v.* LANNON, APPELLANT.

DEFACING PUBLIC NOTICE—*Evidence.*—Under an indictment for defacing a notice of a petition for the laying out of a county road, it is not necessary for the Territory to prove on the trial that the petition had been presented to the county commissioners, or that it was accompanied with affidavits relative to the time and place of posting the notice. (Case of *Territory* v. *Mackey*, 8 Mont. 168, distinguished.)

PUBLIC PLACE—*Statutory construction.*—Where a petition for the laying out of a county road was posted at a depot, six or seven hundred feet from the proposed road, *held*, to be a public place in the vicinity of the proposed road, within the meaning of section 1809, division 5, Compiled Statutes.

*Appeal from Second Judicial District, Deer Lodge County.*

The defendant was tried before DE WOLFE, J.

*Cole & Whitehill,* for Appellant.

*John B. Clayberg,* Attorney-General, for the Territory, Respondent.

BLAKE, C. J. — The appellant was indicted and convicted for defacing and obliterating a written notice in violation of the following section of the criminal laws of this Territory: "If any person shall intentionally deface or obliterate, tear or destroy, in whole or in part, any record, copy, or transcript, or extract from or of any law of the United States or of this Territory, or any proclamation, advertisement, or notification, set up at any place in this Territory by authority of any law of the United States or of this Territory, or by order of any court, such person, on conviction, shall be fined not more than one hundred dollars, nor less than twenty dollars, or be imprisoned in the county jail not more than one month; *provided,* this section shall not extend to defacing, tearing down, obliterating, or destroying any law, proclamation, publication, notification, advertisement, or order after the time for which the same was by law to remain set up shall have expired." (Comp. Stats. div. 4, § 173.) The indictment alleges, in substance, that there was posted a notice, required by law to be posted, stating that a petition would be presented to the board of commissioners of the county of Deer Lodge at their next session to have a new county road laid out; and that the appellant defaced and obliterated said notice when the time in which the law required said notice to be posted had not expired. There is no controversy respecting the facts; and it appears that the notice mentioned in the indictment was posted at the depot of the Northern Pacific Railroad Company at Bearmouth, in Deer Lodge County, and that the appellant pasted thereon a piece of paper which covered the part containing the written matter.

Was this a notification set up by authority of the law of the Territory? The act concerning roads and highways provides that, "when any petition shall be presented for the action of the county commissioners for the laying out, alteration, or vacation of any county road, it shall be accompanied by satisfactory proof that notice has been given by advertisement posted on the front door of the county clerk's office, and in three public places in the vicinity of said road, thirty days previous to the presentation of said petition to the county commissioners. Proof of the posting of said notices, giving time and place, shall be made by affidavit, which shall be filed with said petition." (Comp.

Stats. div. 5, § 1809.) The evidence proves that the notice referred to was put up about six hundred or seven hundred feet from the west terminus of the proposed road; that copies were also posted at the middle and east end thereof, at Drummond, and on one side of the door of the office of the county clerk of Deer Lodge County. The appellant contends that no judgment of conviction can be sustained without proof establishing all the acts enumerated in the statute, *supra;* and that the Territory must show that the petition had been presented to the county commissioners regarding the laying out of said road, and that it was accompanied with affidavits relative to the time and place of posting the notices, before the instrument which was defaced can be declared a valid notification. The case of the *Territory* v. *Mackey,* 8 Mont. 168, is relied on by the appellant to support this proposition. The indictment in that action is based upon a statute which provides for the punishment of any person who shall "obliterate, deface, or destroy any notice placed" on a mining claim; and this court held that the existence of a lode mining claim must be shown to constitute the crime charged against the accused. But the distinction between this case and that at bar is obvious. The discovery of a vein or crevice of quartz or ore upon the unappropriated domain of the United States, and the marking of the boundaries of the lode, are conditions precedent to the posting of the notice of location on the mining claim. There must be a strict compliance with these statutory requirements. When, however, a county road is to be laid out, four notices like that which is set forth in the transcript must be posted at the places named in the statute. This is the first of a series of acts which are essential to the creation of a highway. The subsequent proceedings which must take effect prior to the opening of the road cannot affect the question of the guilt or innocence of the appellant; for all the notices had been lawfully posted at the time of the commission of the alleged offense, and the Territory was not compelled to produce further proof on this point. The form of the notice is not attacked, and we are satisfied that it was set up by authority of the law which has been cited.

The appellant maintains that the posting of the notice upon the depot at Bearmouth was not in the vicinity of the proposed

road, and was therefore illegal. The statute designates for this purpose public places in the vicinity of a highway. The meaning of the words "public place," which are found in many laws, is modified by the subjects to which they are applied. In *State* v. *Welch,* 88 Ind. 308, the court says: "The phrase, 'a public place' has received a construction by this court, and has been construed to mean a place where the public has a right to go and be." To the same effect are *State* v. *Sowers,* 52 Ind. 311; *State* v. *Waggoner,* 52 Ind. 481. "The term 'public,' as applied to 'place,' is not an absolute, but a relative term. . . . . It is used in contradistinction to the term 'private,' and to signify that the notice was to be given in such way as would be likely to have the effect intended." (*Cahoon* v. *Coe,* 57 N. H. 595.) Viewed from any standpoint, they include a station upon a railroad which has been chartered by an act of Congress. In *Langley* v. *Barnstead,* 63 N. H. 246, the court says: "Etymologically, and by common understanding, the phrase 'in the vicinity' means 'in the neighborhood'; and 'neighborhood,' as applied to 'place,' signifies 'nearness,' as opposed to 'remoteness.' Whether a place is in the vicinity or in the neighborhood of another place depends upon no arbitrary rule of distance or topography." The testimony discloses the fact that the proposed road connected with the main highway about six hundred or seven hundred feet from the depot at Bearmouth, and that there was no suitable place for posting the notice at that point. We conclude from the foregoing authorities that the statute of the Territory was complied with in this respect, and that the notice which was defaced and obliterated by the appellant was legally posted. The judgment is affirmed, with costs.

BACH, J., and LIDDELL, J., concur.