JUSTICE RICE
delivered the Opinion of the Court.
¶1 Petitioners filed a motion with the Sentence Review Division (Division) seeking clarification of the standard of review to be applied to criminal sentences submitted to the Division for review. The Division denied the Petitioners’ motion, holding that the “clearly inadequate or excessive” standard under Rule 17, Mont. Sent. Rev. Div., correctly stated the appropriate standard of review. Petitioners then filed a Petition for Writ of Supervisory Control with this Court, asserting the Division was proceeding under a mistake of law.
¶2 We state the issues as follows:
¶3 1. Is the exercise of supervisory control appropriate in this matter?
¶4 2. Did the Division err by denying Petitioners’ motion to clarify the standard of review applicable to sentences reviewed by the Division ?
PROCEDURAL AND FACTUAL BACKGROUND
¶5 Petitioners are criminal defendants who have petitioned or intend to petition the Division for review of their sentences. On January 9, 2009, Petitioners filed a motion before the Division requesting that the Division clarify the standard it applies to sentences submitted for review. Petitioners argued that the Division should declare that the “clearly inadequate or excessive” standard in Rule 17 of the Division’s Rules “is not the applicable standard.” Instead, the motion asked that the Division “review its cases for equity.” On May 12, 2009, the Attorney General filed a response objecting to Petitioner’s motion and arguing in support of the standard stated in Rule 17.
*275 ¶6 The Division denied the motion, reaffirming Rule 17 as the appropriate standard of review and rejecting Petitioners’ argument that their sentences should be reviewed for equity. In its order, the Division also stated that its “rules and practices ... have considered sentences to be unjust or inequitable if they are so greatly disproportionate to the crime as to constitute cruel and unusual punishment.”
¶7 Petitioners filed a Petition for Writ of Supervisory Control with this Court, arguing that the Division erred in denying its motion and was thus proceeding under a mistake of law. The State filed its response, agreeing that this was an appropriate case for the exercise of supervisory control by this Court.
JURISDICTION & STANDARD OF REVIEW
¶8 We may assume supervisory control, as authorized by Article VII, Section 2(2) of the Montana Constitution and M. R. App. P. 14(3) (2007) (former M. R. App. P. 17), to control the course of litigation where the district court “is proceeding under a mistake of law and is causing a gross injustice.” M. R. App. P. 14(3)(a); State v. Thirteenth Jud. Dist. Ct., 2009 MT 163, ¶ 13, 350 Mont. 465, 208 P.3d 408; see Sportsmen for I-143 v. Mont. Fifteenth Jud. Dist. Ct., 2002 MT 18, ¶ 4, 308 Mont. 189, 40 P.3d 400 (citing Park v. Mont. Sixth Jud. Dist. Ct., 1998 MT 164, ¶ 13, 289 Mont. 367, 961 P.2d 1267). Our determination of whether supervisory control is appropriate is a case-by-case decision, based on the presence of extraordinary circumstances and a particular need to prevent an injustice from occurring. Sportsmen for 1-143, ¶ 4 (citing Park, ¶ 13).
¶9 The proper basis by which this Court may review a challenge to a decision of the Sentence Review Division is through a petition for extraordinary relief. Ranta v. State, 1998 MT 95, ¶ 12, 288 Mont. 391, 958 P.2d 670. “Because the Sentence Review Division functions as an arm of this Court, this Court has the supervisory authority to ensure that it complies with statutes and rules governing its operations as well as the Montana Constitution and the United States Constitution.” Ranta, ¶ 12 (citing § 46-18-901(1), MCA; Mont. Const, art. VII, § 2). Pursuant to M. R. App. P. 14(1), this Court has the power to “hear and determine such original and remedial writs as may be necessary or proper to the complete exercise of its jurisdiction.” See Ranta, ¶ 12.
DISCUSSION
¶10 1. Is the exercise of supervisory control appropriate in this *276 matter?
¶11 Petitioners contend that supervisory control is appropriate to correct the Division’s mistake of law of applying the “clearly inadequate or excessive” standard to the review of sentences before it. The State agrees that supervisory control is appropriate, but requests that we do so to affirm that the “clearly inadequate or excessive” standard of review is appropriate.
¶12 We can exercise supervisory authority to ensure that the Division, as an arm of this Court, complies with the statutes and rules governing its operations, as well as the Montana Constitution and the United States Constitution. Jordan v. State, 2008 MT 334, ¶ 22, 346 Mont. 193, 194 P.3d 657 (quoting Ranta, ¶ 12). Because we have exclusive jurisdiction to review the Division’s compliance with governing statutes and rules, as well as state and federal constitutional mandates, Jordan, ¶ 22 (citing Ranta, ¶ 12), we deem this case appropriate for the exercise of supervisory control to resolve the issue raised by the petition.
¶13 2. Did the Division err by denying Petitioners’ motion to clarify the standard of review applicable to sentences reviewed by the Division?
¶14 In its order, the Division agreed with Petitioners’ observation that the Legislature did not articulate a standard of review within the statutes creating and governing the Sentence Review Division. See §§ 46-18-901 through 905, MCA(2007). However, noting that the statutes granted it authority to “adopt any rules that will expedite its review of sentences,” § 46-18-901(4), MCA, the Division cited its purpose and standards for review of criminal sentences as set forth in Rules 16 and 17. The Division rejected Petitioners’ assertion that sentences should be reviewed for abuse of discretion or equity, and affirmed the standard set forth in Rule 17, that sentences “will not be reduced or increased unless it is deemed clearly inadequate or excessive.” Acknowledging that sentences may be challenged as “unjust or inequitable,” the Division appeared to define this review narrowly by holding that “[t]he rules and practices of this division have considered sentences to be unjust or inequitable if they are so greatly disproportionate to the crime as to constitute cruel and unusual punishment.” The Division stated that this Court “approved such analysis in In re Jones,” 176 Mont. 412, 587 P.2d 1150 (1978).
¶15 Petitioners contend that the “clearly inadequate or excessive” standard of Rule 17 “unnecessarily limits the Division’s reviewing power” and contradicts statements made by this Court that the *277 Division “will review sentences for equity.” See State v. Herd, 2004 MT 85, ¶ 22, 320 Mont. 490, 87 P.3d 1017. They note that this standard is not stated within the Division’s statutory authorization. During oral argument, Petitioners focused their argument on the language within the Division’s order which appeared to define inequitable sentences as only those which constitute cruel and unusual punishment. Petitioners argue that the Division should review for equity “in the broadest sense of the word, so the Division may review everything encompassing a defendant’s sentence.”
¶16 The State, during argument, agreed that the language within the Division’s order purporting to limit review to sentences constituting cruel and unusual punishment was unduly narrow. However, the State argues that the Division’s adoption of the “clearly inadequate or excessive” standard under Rule 17, pursuant to its statutory authority to promulgate rules, was an appropriate application of the statutory directive that “[t]he sentence imposed by the district court is presumed correct.” Section 46-18-904(3), MCA. The State acknowledges that the Division may take into account “equity issues” and “considerations of justice,” but that its primary role is the reduction of disparities in prisoner sentencing, noting Rule 16’s statement that the primary objective of the Division “is to provide uniformity in sentencing.”
¶17 Montana law provides for generalized, indiscriminate sentencing of criminal defendants, with term ranges and broad authority for sentencing courts to impose conditions. “One of the purposes of the 1973 Montana Criminal Code was to vest wide sentencing discretion in the trial judge who is familiar with the character and past record of the defendant, and with the circumstances of the particular case.” State v. Maldonado, 176 Mont. 322, 334, 578 P.2d 296, 303 (1978). “[I]n imposing sentence, the sentencing court may consider any relevant evidence relating to the nature and circumstances of the crime, the character of the defendant, the defendant’s background history, mental and physical condition, and any evidence the court considers to have probative force.” State v. Collier, 277 Mont. 46, 63, 919 P.2d 376, 387 (1996) (citing State v. Klippenstein, 239 Mont. 42, 45, 778 P.2d 892, 894 (1989)). “The District Court is given a wide scope of inquiry in sentencing.” Klippenstein, 239 Mont. at 45, 778 P.2d at 894 (citing State v. D.B.S., 216 Mont. 234, 247-48, 700 P.2d 630, 639-40 (1985)).
¶18 The Legislature “voluntarily created” the Division, State ex rel. Holt v. Dist. Ct., 2000 MT 142, ¶ 12, 300 Mont. 35, 3 P.3d 608, to serve essentially as a safety net for our indiscriminate sentencing system, providing additional protection for both the public and for the *278 individual defendant. The Division was created to review sentences challenged as being unjust or inequitable and “was charged with determining the appropriateness of criminal sentences with respect to the individual offender and a particular offense.” Jordan, ¶ 18 (citations omitted). To assist in accomplishing this purpose, the Legislature granted the Division authority to “adopt any rules that will expedite its review of sentences.” Section 46-18-901(4), MCA; Holt, ¶ 6.
¶19 Rule 16, Mont. Sent. Rev. Div., provides that “[t]he primary objective of the Sentence Review Division is to provide for uniformity in sentencing when appropriate” and to “ensure that the interest of the public and the defendant are adequately addressed by the sentence.” Regarding the public’s interests, Rule 16 provides the Division shall consider the State’s correctional policy “to protect society by preventing crime,” will “hold an individual responsible and accountable for his/her actions,” and remove “dangerous and habitual offenders from society.” Regarding the defendant’s interests, the rule instructs that the Division “shall ensure that persons convicted of crime are dealt with in accordance with their individual characteristics, circumstances, needs and potentialities,” and shall consider “whether the offender could have been dealt with adequately by probation, suspended sentence orfine ....’’The rule directs that the Division’s review consider various factors, including the crime committed, the offender’s prospect of rehabilitation, the circumstances of the crime, and the criminal history of the offender. Rule 15 requires the Division to review the record in the case, including pleadings, plea agreements, pre-sentence reports, judgments and “[ojther documents relied on by the sentencing judge.” The Division’s review is procedurally governed by Rule 14 which provides that proceedings before the Division “shall be as informal as possible to allow full expression by all parties and their attorneys. The Rules of Evidence will serve as a guide but are not binding in the proceeding.”
¶20 These rules together provide for an appropriately broad review of the totality of the facts and circumstances of each case, which we have previously described as a review “for equity, disparity, or considerations of justice by the Sentence Review Board.” State v. Stephens, 198 Mont. 140, 145, 645 P.2d 387, 390-91 (1982). The Division’s consideration is not cabined by rigid guidelines, and a defendant can rightly appeal to the Division’s judges on equitable grounds such as fairness, consistency and uniformity, as can the State.
¶21 Section 46-18-904(3), MCA, provides that “[t]he sentence *279 imposed by the district court is presumed correct.” Thus, after hearing evidence and argument, the Division must decide whether this presumption has been overcome and a new sentence should be imposed, “including a decrease or increase in the penalty.” Section 46-18-904(l)(a)(ii), MCA. The Division does so by determining, after its broad review, whether the original sentence was “clearly inadequate or excessive” under Rule 17. Although Petitioners criticize this standard, they conceded during argument that Rule 17 is not inconsistent with the statutes governing the Division, and we cannot conclude otherwise. Further, we cannot conclude that the Rule exceeds the Division’s authority. Simple “equity” cannot serve as the standard of review, as the Legislature did not intend for the Division to engage in de novo sentencing. Indeed, we have held that the Division “under Montana’s procedure may not substitute its discretion for the district court’s. Instead, the sentence imposed by the district court is presumed correct ...”Ranta, ¶ 23 (citing § 46-18-904(3), MCA, and Rule 17, Mont. Sent. Rev. Div.). Further, the Division’s interpretation of applicable governing statutes “is entitled to deference and respect because the Division is charged by the legislature with the administration of Montana’s sentence review statutes.” Holt, ¶ 10 (citing State v. Midland Materials Co., 204 Mont. 65, 70, 662 P.2d 1322, 1325 (1983)). Therefore, we conclude Rule 17 is a valid application of the Division’s statutory duty.
¶22 This analysis of the Division’s standard of review undermines the statement in the Division’s order to the effect that sentences would be considered unjust or inequitable “if they are so greatly disproportionate to the crime as to constitute cruel and unusual punishment,” citing Jones. In Jones, we merely mentioned the Division’s determination to leave Jones’s sentence unchanged as one reason we were rejecting Jones’s cruel and unusual punishment claim. Jones, 176 Mont. at 420, 578 P.2d at 1154-55. We were not indicating that the scope of the Division’s review was limited to sentences which were cruel and unusual, as that is certainly incorrect. To that extent, then, the Division’s order is reversed.
¶23 Accordingly, we accept supervisory control in this matter, and correct the Division’s order as stated herein.
CHIEF JUSTICE McGRATH, JUSTICES WHEAT, COTTER, LEAPHART and MORRIS concur.