JUSTICE NELSON,
concurring.
¶26 I concur in our decision to affirm the District Court’s imposition of the challenged sentencing condition in this case, under both the Court’s reasoning and the additional approach set out below. The condition passes muster under our multi-factor standard of review for sentences, which I first review here.
¶27 1. Objections. As a general rule, this Court reviews any sentence imposed in a criminal case, whether objected to or not, if the defendant raises a plausible allegation that the sentence is illegal or exceeds statutory mandates. State v. Lenihan, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979); State v. Kotwicki, 2007 MT 17, ¶ 18, 335 Mont. 344, 151 P.3d 892. But this rule does not apply where the challenge is to a condition of sentence, in which case this Court will not review the unobjected-to condition at all, State v. Stiles, 2008 MT 390, ¶ 14, 347 Mont. 95, 197 P.3d 966, and where the defendant acquiesced in, participated in, bargained for, desired, wanted, requested, or was willing to serve the illegal term of sentence, in which case this Court will allow the illegality to stand, State v. Micklon, 2003 MT 45, ¶ 10, 314 Mont. 291, 65 P.3d 559; State v. Walker, 2007 MT 205, ¶¶ 16-18, 338 Mont. 529, 167 P.3d 879.
¶28 2. Sentences that include at least one year of actual incarceration. Formerly, this Court reviewed a sentence that included one year or more of actual incarceration for legality only, and a challenge to the equitability of the sentence fell under the authority *294 of the Sentence Review Division (SRD). State v. Herd, 2004 MT 85, ¶ 22, 320 Mont. 490, 87 P.3d 1017; State v. Montoya, 1999 MT 180, ¶¶ 14-15, 295 Mont. 288, 983 P.2d 937.[1] However, because “equity” is no longer SRD’s standard of review, see Driver v. Sentence Review Division, 2010 MT 43, ¶ 21, 355 Mont. 273, 227 P.3d 1018 (holding that SRD reviews sentences for clear inadequacy or excessiveness and not for simple equity), this Court must now review such sentences for both legality and equitability, see Driver, ¶¶ 34-35 (Nelson, J., dissenting). As a matter of fact, even under the former scheme, if a sentence included at least one year of actual incarceration, this Court would review the sentence for abuse of discretion if it wanted to. See e.g. State v. Hernandez, 2009 MT 341, ¶¶ 1, 7-8, 353 Mont. 111, 220 P.3d 25 (reviewing Hernandez’s sentence for abuse of discretion even though his sentence included at least one year of actual incarceration). This latter abuse of discretion standard implicates sentencing conditions, which have their own subset of rules.
*295 ¶29 3. Sentencing Conditions. As noted, unobjected-to conditions are not reviewed at all. Stiles, ¶ 14. Objected-to conditions that are expressly authorized by statute are reviewed under the arbitrariness standard (i.e., whether the sentencing court acted arbitrarily without conscientious judgment or exceeded the bounds of reason). State v. Essig, 2009 MT 340, ¶ 14, 353 Mont. 99, 218 P.3d 838. And objected-to conditions that are “rules” adopted by the Department of Corrections for the conduct of probationers are also reviewed under the arbitrariness standard. Hernandez, ¶ 7. But objected-to conditions imposed under § 46-18-201(4)(o) or § 46-18-202(l)(f), MCA (authorizing “any other” reasonable restrictions) are reviewed under the nexus test. Stiles, ¶¶ 13-14; State v. Ashby, 2008 MT 83, ¶¶ 13-15, 342 Mont. 187, 179 P.3d 1164. There remains another set of rules, however: those for sentences involving less than one year of actual incarceration.
¶30 4. Sentences that do not include at least one year of actual incarceration. For sentences that are statutorily ineligible for review by SRD because they involve less than one year of actual incarceration, see § 46-18-903(1), MCA, this Court formerly reviewed such sentences for both legality and equity. Herd, ¶ 22. Now, however, a third standard has been injected into the mix: clear inadequacy or excessiveness. Driver, ¶ 21. Thus, henceforth, this Court must review sentences that are statutorily ineligible for review by SRD for (1) legality, (2) equitability, and (3) clear inadequacy or excessiveness, Montoya, ¶¶ 14-15; Herd, ¶¶ 16-23; Driver, ¶ 21-unless, of course, the challenge is to an unobjected-to sentencing condition, Stiles, ¶ 14, or to a sentencing term that the defendant acquiesced in, participated in, bargained for, desired, wanted, requested, or was willing to serve, Micklon, ¶ 10; Walker, ¶¶ 16-18, in which case we conduct no review at all.
¶31 Analysis. In the present case, Zimmerman objected to the sentencing condition at issue; thus, his sentence does not implicate our rules regarding unobjected-to terms and conditions of sentence. Furthermore, the condition is not expressly authorized by statute or a “rule” adopted by the Department of Corrections for the conduct of probationers; thus, it does not implicate our rules regarding such conditions. The condition is legal and equitable; it has a nexus to the offense; and it is not clearly inadequate or excessive. For that matter, it is not arbitrary either. In short, the condition satisfies every standard we’ve got. Therefore, Zimmerman’s sentence must be correct.
¶32 I concur.

 See also e.g. State v. Baker, 2008 MT 396, ¶ 15, 347 Mont. 159, 197 P.3d 1001 (“Baker’s contentions that the terms of incarceration violate statutory sentencing policies are equity issues, review of which lies with the Sentence Review Division, not this Court.”); State v. Duncan, 2008 MT 148, ¶ 50, 343 Mont. 220, 183 P.3d 111 (“Where, as here, an offender is sentenced to more than one year in prison, we review that sentence for legality only. In such cases, any challenges to the equity of the sentence must be brought before the Sentence Review Division.” (citation omitted)); State v. Shults, 2006 MT 100, ¶ 32, 332 Mont. 130, 136 P.3d 507 (“[S]ince Shults’s sentence is within statutory parameters, his equity argument is not properly before this Court. Although we will not review the equity of Shults’s sentence, he is not precluded from petitioning for sentence review.” (citation omitted)); State v. Wardell, 2005 MT 252, ¶ 29, 329 Mont. 9, 122 P.3d 443 (“Although we will not review the equity of Wardell’s sentence he may petition for sentence review.”); State v. Legg, 2004 MT 26, ¶ 53, 319 Mont. 362, 84 P.3d 648 (“The State responds, and we agree, that this is an issue concerning the equity of Legg’s sentence, which properly lies with the Sentence Review Division.”); Vernon Kills On Top v. State, 2000 MT 340, ¶ 74, 303 Mont. 164, 15 P.3d 422 (“To the extent Petitioner’s complaints relate to the equity of his sentence, those complaints are properly addressed to the Sentence Review Division of this Court.”); State v. Montoya, 1999 MT 180, ¶ 14, 295 Mont. 288, 983 P.2d 937 (“[A] challenge to the ‘equitability of a sentence falls under the authority of the Sentence Review Division ____”); State v. Gordon, 1999 MT 169, ¶ 54, 295 Mont. 183, 983 P.2d 377 (“To the extent Gordon’s complaints relate to the equity of his sentence, those complaints are properly addressed to the Sentence Review Division of this Court.”); State v. Baisch, 1998 MT 12, ¶ 15, 287 Mont. 191, 953 P.2d 1070 (“We will not review sentences for mere inequity or disparity; that task is left to the Sentence Review Division.”); State v. Romannose, 281 Mont. 84, 94, 931 P.2d 1304, 1311 (1997) (“To the extent that Martin’s complaints concern the equity of his sentence, those must be addressed to the Sentence Review Division.”); State v. Moorman, 279 Mont. 330, 337, 928 P.2d 145, 149 (1996) (“[T]he Sentence Review Division reviews the equity of a sentence.”); State v. Ford, 278 Mont. 353, 363, 926 P.2d 245, 251 (1996) (‘We will not review a sentence for mere inequity; the proper forum for a review of that nature is the Sentence Review Division.”); State v. DeSalvo, 273 Mont. 343, 350, 903 P.2d 202, 207 (1995) (“[T]he proper channel for a challenge to the equity of a sentence as opposed to its legality is through the Sentence Review Division. We have consistently held that we will not review a sentence on appeal for mere inequity or disparity.” (internal quotation marks and citation omitted)).