FILED

12/19/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0771

DA 15-0771

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 312

STATE OF MONTANA,

Plaintiff and Appellee,

v.

JEFFORY A. LAFIELD,

Defendant and Appellant.

APPEAL FROM:     District Court of the Fourth Judicial District,
                 In and For the County of Missoula, Cause No. DC-14-608
                 Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

         For Appellant:

            Robin Meguire, Attorney at Law, Great Falls, Montana

         For Appellee:

            Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
            Attorney General, Helena, Montana

            Kirsten H. Pabst, Missoula County Attorney, Karla Painter, Deputy
            County Attorney, Missoula, Montana

                                    Submitted on Briefs:  September 27, 2017

                                              Decided:  December 19, 2017

Filed:

                        _____
                                      Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      This appeal results from a November 4, 2015 judgment, wherein Jeffory Alan LaField (LaField) pled guilty to the criminal offense of felony driving under the influence of alcohol, fourth or subsequent offense, and three misdemeanors:  obstructing a peace officer, driving a motor vehicle without a license, and failure to carry proof of insurance. LaField alleges violation of his due process rights, errors in sentencing, and that he was denied effective assistance of counsel.  We affirm and remand for entry of an amended judgment.

¶2      We restate the issues on appeal as follows:

*Issue One:  Whether the District Court deprived LaField of his right to due process during sentencing.*

*Issue Two:  Whether the District Court's imposition of the suspended sentence condition requiring LaField to obtain permission before engaging in business, purchasing real property, purchasing an automobile, or incurring a debt, should be stricken because of a lack of factual nexus.*

*Issue Three:  Whether LaField was deprived of effective assistance of counsel during sentencing.*

*Issue Four:  Whether the sentencing conditions in the written judgment should be amended to conform to oral pronouncement of the conditions.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3      On November 15, 2014, Missoula County Sheriff Deputy Ross Jessop (Deputy Jessop) was driving southbound on Montana Highway 93.  He observed a red 1997 Suzuki automobile swerve over the fog line.  Deputy Jessop observed the vehicle following traffic too closely, nearly collide with another vehicle, and nearly collide with

Deputy Jessop's marked patrol car. Deputy Jessop initiated a traffic stop, and the driver pulled off the highway into an adjacent parking lot. The driver told Deputy Jessop his name was Robert Richard Fowler, but was unsure of his birthdate. Deputy Jessop identified the driver as LaField. LaField was unable to produce a valid driver's license or proof of insurance.

¶4 Deputy Jessop observed that LaField exhibited signs of intoxication, including smelling of alcohol, droopy blood-shot eyes, extremely slurred speech, and coordination problems. LaField admitted to having consumed alcohol. Deputy Jessop initiated a field sobriety test. LaField was unable or unwilling to comply with the protocol. Deputy Jessop arrested La Field for Driving Under the Influence of Alcohol (DUI). A check of LaField's driving history showed he was currently on probation for a felony DUI conviction in Ravalli County, and LaField's driving privileges were suspended. LaField resisted Deputy Jessop's efforts to place him under arrest. As Deputy Jessop placed him in the back of his patrol car, LaField kicked Deputy Jessop.

¶5 On December 1, 2014, LaField was charged with Felony Driving Under the Influence of Alcohol and/or Drugs, a Fourth or Subsequent Offense, Assault on a Peace Officer, Obstructing a Peace Officer, Driving a Motor Vehicle While Privilege to do so is Suspended or Revoked, and Failure to Carry Proof of Insurance in Vehicle. The State filed a notice of intent to designate and sentence LaField as a persistent felony offender (PFO).

¶6 The State provided LaField with a public defender, Louis Villemez. On December 9, 2014, with counsel present, LaField entered a not guilty plea to each charge. Villemez

3

informed the court he was representing LaField on a limited basis, as LaField planned to secure different representation. On January 20, 2015, LaField appeared for an omnibus hearing without counsel, but informed the court Randi Hood was his public defender. The court continued the hearing. On January 27, LaField appeared at the omnibus hearing with Dave Stenerson, Regional Deputy of the Office of Public Defender (OPD). On February 2, the court granted Hood's motion to withdraw as counsel and ordered Stenerson to appear to discuss the status of LaField's public defender representation. On February 20, LaField was assigned Reed Mandelko as his public defender. On March 9, Mandelko filed a motion to suppress, alleging Deputy Jessop lacked particularized suspicion to stop LaField. However, a possible conflict arose that required Mandelko to withdraw as LaField's counsel. On April 7, Stenerson appeared in District Court and Daniel Miller was substituted as LaField's new public defender. On May 5, Miller represented LaField at the omnibus hearing. Before an evidentiary hearing was held, Miller filed a motion to withdraw as counsel, which the court granted. Thereafter, the OPD expressed its opposition to representing LaField. On June 1, the court ordered briefing on whether LaField forfeited his right to court-appointed counsel and requested a list of potential contract attorneys the court could appoint to represent LaField. The District Court appointed Craig Shannon to represent LaField. OPD withdrew its opposition to assigning counsel and the court vacated the briefing schedule.

¶7     Regarding the motion to suppress, the court granted counsel's motion for discovery and subpoena duces tecum. After a full briefing by both parties and a July 31, 2015 evidentiary hearing, the court denied LaField's motion to suppress. At the August

pretrial conference, LaField's counsel presented the court with LaField's Guilty Plea and Waiver of Rights and explained LaField intended to enter a plea to four of the five charges and the State would dismiss the charge of felony assault on a peace officer. When questioned by the court, LaField confirmed he understood his rights and was entering his plea knowingly and voluntarily. The court accepted the plea and ordered a pre-sentence investigation (PSI) report.

¶8    After the PSI report was completed, LaField's counsel filed a sentencing memorandum and objection to both the PSI writer's characterization of his criminal history and recommended thirty-year prison sentence. Counsel argued the recommended sentence was excessive based on the mitigating factors in this case and when compared to other felony DUI sentences that did not result in any injury.

¶9    At the October 20, 2015 sentencing hearing, LaField and his counsel were given the opportunity to explain the mitigating factors regarding why LaField drove while intoxicated. The court accepted LaField's description of the mitigating factors. LaField disagreed with the PSI report summary of his criminal history. The District Court allowed LaField to explain his criminal history and the court accepted his summary over the PSI report. LaField then requested several of the recommended probation conditions be either amended or stricken. Of the thirty-two sentencing conditions, the District Court struck six conditions and amended two others. Relevant to this appeal are two conditions, one requiring LaField to obtain permission from his probation officer to engage in business, purchase property or a vehicle, or take on debt, and the other requiring LaField to obtain a mental health evaluation. LaField then requested the court

review and submitted into evidence seven photographs which allegedly depicted LaField's injuries sustained during the arrest. The District Court denied his request to enter them into evidence but did allow them to be placed in the file for consideration.

¶10 LaField then requested five minutes to read a letter to the court. The court cautioned LaField to address only issues relevant to his current sentencing. When given the opportunity to address the court, LaField raised issues related to his previous DUI conviction. The court interrupted LaField and admitted the letter into the record, denying LaField any further time to address the court. The court sentenced LaField to a net sentence of twenty years to run consecutively to his other felony DUI sentence. LaField appeals.

## STANDARD OF REVIEW

¶11 This Court reviews whether a district court violated a defendant's constitutional rights at sentencing de novo. *State v. Sherman*, 2017 MT 39, ¶ 9, 386 Mont. 363, 390 P.3d 158. Claims of ineffective assistance of counsel present mixed issues of law and fact which we review de novo. *State v. Clary*, 2012 MT 26, ¶ 12, 364 Mont. 53, 270 P.3d 88. We review criminal sentences that include at least one year of actual incarceration for legality only. The term "legality" in this context signifies that we will not review a sentence for mere inequity or disparity. Rather, our review is confined to determining whether the sentencing court had statutory authority to impose the sentence, whether the sentence falls within the parameters set by the applicable sentencing statutes, and whether the court adhered to the affirmative mandates of the applicable sentencing statutes. We have characterized this "legality" standard more generally as reviewing for correctness.

6

The question is one of law and the determination is whether the district court interpreted the law correctly. This determination is a question of law and, as such, our review is de novo. *State v. Ariegwe*, 2007 MT 204, ¶ 174, 338 Mont. 442, 167 P.3d 815.

**DISCUSSION**

¶12 *Issue One: Whether the District Court deprived LaField of his right to due process during sentencing.*

¶13 LaField claims he was deprived of his right to due process to participate fully in the sentencing hearing because the District Court denied him the opportunity to finish reading his letter to the court and refused to admit and consider seven photographs showing physical injury resulting from his arrest. Further, he argues the District Court deprived him of his due process rights based on bias because the judge appeared distracted, disinterested, and called LaField a "loser."

¶14 The Montana and United States Constitutions guarantee against depriving a person of liberty without due process of law, and these protections apply in sentencing hearings. U.S. Const. Amend. XIV, § 1; Mont. Const. art. II, § 17; *Sherman*, ¶ 12. "Due process requires that an offender be given an opportunity to explain, argue, and rebut any information, including pre-sentencing information, that may lead to a deprivation of life, liberty, or property." *State v. Webb*, 2005 MT 5, ¶ 18, 325 Mont. 317, 106 P.3d 521; *Sherman*, ¶ 12. Montana law requires a court to provide both parties a reasonable "opportunity to be heard on any matter relevant to the disposition . . . ." Section 46-18-115(1), (3), MCA. Based on our review of the record we conclude LaField was given a reasonable opportunity to be heard during sentencing.

7

¶15　First, LaField asserts the District Court denied him his due process rights by interrupting him and refusing to let him finish reading his letter into the record, thus denying him his right to be heard. We disagree. The District Court heard LaField and his counsel on the extenuating circumstances on the night of the DUI. The District Court accepted the extenuating circumstances as true and said it would consider them in sentencing. The court allowed LaField to read his letter for over five minutes during sentencing. Prior to LaField reading the letter, the court required LaField to discuss only relevant issues. Only when LaField directly violated the court's limitation did the District Court interrupt LaField. LaField was given a "reasonable opportunity to be heard" on matters relevant to the disposition of his sentence. *Sherman*, ¶ 14; § 46-18-115(1), (3), MCA.

¶16　Next, LaField asserts the District Court denied him his due process rights by denying his request to admit seven photographs allegedly depicting the injuries he sustained at the hands of the arresting officers on the night of his arrest. LaField asserts the District Court erred by denying him the right to "rebut" the sentencing condition of anger management counseling. *Sherman*, ¶ 14; § 46-18-115(1), (3), MCA. However, the District Court determined the photographs were not relevant to sentencing, as the assault on a peace officer charge had been dismissed. Section 46-18-115(1), MCA. Despite this, LaField argues the District Court imposed anger management counseling based on the court's impression he was a "hothead," and the photos would have shown he was not at fault for his anger the night of the DUI. LaField was given the opportunity to rebut the court's determination he would benefit from anger management counseling, both in his

8

letter to the court and through his counsel. Moreover, while the court refused to accept the photos as evidence, it did allow the photos to be placed in the file.

¶17 The District Court considered LaField's criminal history and previous anger outbursts when imposing the condition. District courts "may consider any relevant evidence relating to the nature and circumstances of the crime, the character of the defendant, the defendant's background history, mental and physical condition, and any evidence the court considers to have probative force." *State v. Otto*, 2017 MT 212, ¶ 11, 388 Mont. 391, 401 P.3d 193 (citing *Driver v. Sentence Review Div. in the Sup. Court of Mont.*, 2010 MT 43, ¶ 17, 355 Mont. 273, 227 P.3d 1018); *State v. Collier*, 277 Mont. 46, 63, 919 P.2d 376, 387 (1996)). Here, the record demonstrates that the District Court did not impair LaField's ability to "explain, argue, and rebut" the court's imposition of a condition requiring anger management counseling by refusing to allow the introduction of the photographic evidence. *Sherman*, ¶ 14.

¶18 Finally, LaField argues the District Court was biased, therefore depriving him of his due process rights. LaField asserts record and non-record based indicia of judicial bias including: the judge called him a "loser," his status as a Montana Freeman, his history with judges, and that the judge was repeatedly distracted and disinterested. In Montana, judges must remain impartial. *State v. Skinner*, 2007 MT 175, ¶ 36, 338 Mont. 197, 163 P.3d 399. However, failure to make a timely objection during trial constitutes a waiver of the objection. Section 46-20-104(2), MCA. This Court has made it clear that where a defendant does not object at trial to the remarks and conduct of the trial judge, the issue will not be considered upon appeal. *State v. Olsen*, 2004 MT 158, ¶ 12, 322

9

Mont. 1, 92 P.3d 1204; *State v. Ahmed*, 278 Mont. 200, 210, 924 P.2d 679, 683 (1996). LaField failed to object to the District Court's actions at the sentencing and does not argue the statements amount to plain error. *Skinner*, ¶ 36 (failure to object to a claim waives that claim unless a substantial right of the party is affected necessitating plain error review). LaField failed to object to the District Court's alleged bias; as a result, we decline to address this issue.

¶19 The District Court gave LaField a reasonable opportunity to "explain, argue, and rebut" the mitigating factors for his DUI and the sentencing recommendation for anger management. *Sherman*, ¶ 12. The anger management counseling condition was based on LaField's history. Section 46-18-115(6), MCA. LaField failed to preserve his claim for judicial bias by failing to object to the District Court's conduct. LaField's due process rights were not infringed.

¶20 *Issue Two: Whether the District Court's imposition of the suspended sentence condition requiring LaField to obtain permission before engaging in business, purchasing real property, purchasing an automobile, or incurring a debt, should be stricken because of a lack of factual nexus.*

¶21 LaField asserts the District Court erred when it imposed condition 7 of his suspended sentence because it had no factual nexus to the crime for which he was being sentenced and the condition would hinder his ability to make a living. Condition 7 reads: "The Defendant must obtain permission from his/her Probation & Parole Officer before engaging in a business, purchasing real property, purchasing an automobile, or incurring a debt." LaField relies on the rule stated in *State v. Ashby*, 2008 MT 83, ¶ 15, 342 Mont. 187, 179 P.3d 1164, that "in imposing conditions of sentence, a sentencing judge may

10

impose a particular condition of probation so long as the condition has a nexus to either the offense for which the offender is being sentenced, or to the offender himself or herself."

¶22 *Ashby* is not controlling here. *Ashby* requires a nexus between the condition and the offense when the condition is imposed under § 46-18-201 or -202, MCA. However, LaField's condition was not imposed under § 46-18-201 or -202, MCA. Rather, the condition was imposed under the legislative authority in § 46-23-1002(3), MCA, which grants the Department of Corrections the power to "adopt rules for the conduct of persons placed on parole or probation." One rule, identical to that imposed on LaField, is articulated in Admin. R. M. 20.7.1101(6) (2008): "The offender must obtain permission from his/her supervising officer before engaging in business, purchasing real property, purchasing an automobile, or incurring a debt." The condition that a factual nexus exist between the condition and the offender or the offense does not apply here. *See State v. Essig*, 2009 MT 340, ¶ 26, 353 Mont. 99, 218 P.3d 838; *State v. Hernandez*, 2009 MT 341, ¶ 6, 353 Mont. 111, 220 P.3d 25. The condition on LaField's suspended sentence is authorized by statute and rule. Admin. R. M. 20.7.1101(6) (2008); § 46-23-1002(3), MCA. The District Court did not err.

¶23 Because LaField asserted condition 7 was a financial penalty and was going to affect his ability to work, the only relevant inquiry is whether the District Court abused its discretion by imposing this standard condition. A standard condition adopted by the Department of Corrections will be included as a condition of a probationary sentence unless the District Court determines, in the exercise of its discretion, that a standard

11

condition is inappropriate under the sentence it is imposing. *Hernandez*, ¶ 7; § 46-23-1002(3), MCA (a standard condition of probation, adopted as a rule by the Department of Corrections, may not conflict with conditions imposed by a sentencing court). Thus, we will review the sentencing judge's conclusion that a standard condition should be imposed for an abuse of discretion. *Hernandez*, ¶ 7. An abuse of discretion occurs when a district court acts arbitrarily without conscientious judgment or exceeds the bounds of reason. *State v. McLaughlin,* 2009 MT 211, ¶ 9, 351 Mont. 282, 210 P.3d 694. The District Court found condition 7 to be appropriate after discussion with counsel. The District Court did not abuse its discretion.

¶24 *Issue Three: Whether LaField was deprived of effective assistance of counsel during sentencing.*

¶25 LaField argues that he was provided ineffective assistance of counsel (IAC) because counsel failed to object to, or make a clear record of, several instances of the District Court judge's bias and demeanor towards him, including a comment that he was a "loser," the presence of law enforcement officers in the courtroom, and that counsel allowed LaField to plead guilty while a motion to dismiss and suppress was pending.

¶26 The right to counsel in a criminal proceeding is protected by the Sixth Amendment to the United States Constitution, as incorporated through the Fourteenth Amendment, as well as Article II, Section 24 of the Montana Constitution. *State v. Stratton*, 2017 MT 112, ¶ 9, 387 Mont. 384, 394 P.3d 192. We review claims of IAC on direct appeal if the claims are based solely on the record and in petitions for postconviction relief if the alleged errors are non-record based. *State v. Clary*, 2012 MT 26, ¶ 12, 364 Mont. 53, 270

12

P.3d 88. Before reaching the merits of an IAC claim on direct appeal, this Court must determine whether the allegations are properly before it. *State v. Kougl*, 2004 MT 243, ¶ 14, 323 Mont. 6, 97 P.3d 1095.

¶27 To succeed on an IAC claim, a defendant must establish: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Clary*, ¶ 30. A record that is silent about the reasons for counsel's actions or omissions seldom provides sufficient evidence to rebut the "strong presumption" that counsel's actions fell "within the wide range of reasonable professional assistance." Clary, ¶ 30 (citing *State v. Sartain*, 2010 MT 213, ¶ 30, 357 Mont. 483, 241 P.3d 1032). Accordingly, if the record does not demonstrate why counsel did or did not take the actions constituting the alleged ineffective assistance, the claims are better raised in a petition for postconviction relief. *Clary*, ¶ 30. However, counsel's failure to object may generally be considered record-based, and therefore appropriate on direct appeal. *See State v. White*, 2001 MT 149, ¶ 15, 306 Mont. 58, 30 P.3d 340. Though sometimes difficult to determine if an IAC claim is record or non-record based, the definitive question is why? If counsel fails to object, does the record fully explain why counsel took the particular course of action? If not, then the matter is best-suited for post-conviction proceedings which permit a further inquiry into whether the particular representation was ineffective. *White*, ¶ 20.

¶28 LaField contends his IAC claims are reviewable on direct appeal because there is no justification why his counsel would not object to the judge's demeanor or the law enforcement officers in attendance. The State argues that the record does not

13

demonstrate why LaField's counsel took or did not take certain actions. We agree. However, after a review of the record, the court's comment that LaField was a "loser" was in direct response to defense counsel's assertion that the incident was a "garden-variety 5th DUI." Following the comment, counsel defended his client to the court, explaining why LaField was not a "loser." The court and counsel continued to discuss LaField's driving offense history and how LaField's offense compared to other individuals who had been sentenced for similar crimes.

¶29 Review of the sentencing transcript in its entirety reveals that the comment was an isolated one in the context of a hearing in which LaField presented fully, and the judge listened patiently to, his case for a lenient sentence. Defense counsel's decision not to object was well-grounded in light of the record as a whole. Despite an incomplete record on the reason for counsel's failure to object at sentencing, LaField cannot meet the test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). The record as a whole demonstrates that LaField would not have had a meritorious due process claim on the grounds of judicial bias by virtue of the judge's demeanor or the presence of law enforcement officers in the courtroom. LaField's ineffective assistance of counsel claim is without merit.

¶30 LaField's claim that there was no reasonable strategic basis why counsel allowed LaField to plead guilty when a motion to dismiss and suppress was pending is without merit. As the record demonstrates, after the July 31, 2015 evidentiary hearing on the motion, the District Court issued a ruling denying the motion; LaField has not appealed that ruling. This ineffective assistance of counsel claim is without merit.

¶31    *Issue Four: Whether the sentencing conditions in the written judgment should be amended to conform to oral pronouncement of the conditions.*

¶32    LaField argues condition 17 of the judgment is illegal and should be amended to comport with court's oral pronouncement. A district court's "oral pronouncement of a criminal sentence . . . is the 'legally effective sentence and valid, final judgment.'" *State v. Thompson,* 2017 MT 107, ¶ 8, 387 Mont. 339, 394 P.3d 197 (citing *State v. Johnson*, 2000 MT 290, ¶ 15, 302 Mont. 265, 14 P.3d 480 (quoting *State v. Lane*, 1998 MT 76, ¶ 40, 288 Mont. 286, 957 P.2d 9)). A "written judgment is merely evidence of the oral sentence." *Johnson*, ¶ 15. Thus, "in the event of a conflict between the oral pronouncement of sentence and the written judgment and commitment, the oral pronouncement controls." *Lane*, ¶ 48.

¶33    LaField argues the oral pronouncement required him to obtain a mental health evaluation only if one did not occur on September 15. This specifically contradicts the written judgment requiring LaField to obtain a mental health evaluation and pay for it, without consideration of whether an evaluation had occurred on September 15. The State concedes the issue. The District Court's oral pronouncement requiring LaField to obtain and pay for a mental health evaluation only if one did not already occur differs from the written judgment. Therefore, the written judgment—condition 17—must be amended.

## CONCLUSION

¶34    LaField's due process rights were not infringed. Condition 7 of LaField's suspended sentence is authorized by statute and rule. The District Court did not err or

15

abuse its discretion by including it as a sentencing condition. LaField's ineffective assistance of counsel claims are without merit.

¶35     As the State concedes, the District Court's oral pronouncement requiring LaField to obtain a mental health evaluation only if one did not already occur and the requirement that LaField bear the cost of obtaining the mental health evaluation differs from the written judgment, and the judgment must be amended.

¶36     Affirmed and remanded for action in conformity with this Opinion.


                                              /S/ MICHAEL E WHEAT


We Concur:

/S/ DIRK M. SANDEFUR
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE