

05-730

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 268

STATE OF MONTANA,

   Plaintiff and Appellee,

 v.

DENISE LEWALLEN FENDER,

   Defendant and Appellant.

APPEAL FROM: District Court of the First Judicial District,
        In and For the County of Lewis and Clark, Cause No. CDC-2005-185
        Honorable Thomas C. Honzel, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

     Shannon McDonald, Public Defender's Office, Helena, Montana

   For Appellee:

     Hon. Mike McGrath, Attorney General; Jennifer Anders, Assistant Attorney
     General, Helena, Montana

     Leo Gallagher, Lewis and Clark County Attorney, Helena, Montana

           Submitted on Briefs: February 22, 2007

               Decided: October 22, 2007

Filed:

          _____
              Clerk

Justice John Warner delivered the Opinion of the Court.

¶1      Denise Fender appeals the dismissal of her motion for a new trial, claiming she received ineffective assistance of counsel. We affirm.

¶2      We restate and address the issue on appeal as follows: Did the District Court err in denying Fender a new trial based on ineffective assistance of counsel?

¶3      On December 3, 2004, Fender was charged in Lewis and Clark County with Partner or Family Member Assault for injuring her daughter, in violation of § 45-2-206, MCA. The court appointed counsel to represent Fender, and she requested a jury trial.

¶4      The trial was held in Justice Court on May 17, 2005. The morning of the trial, the prosecutor made a motion in limine to preclude Fender from offering jury instructions on the defense of parental discipline permitted under § 45-3-107, MCA, because her counsel did not file the notice of this affirmative defense as required by § 46-15-323(2), MCA. The Justice Court granted the motion in limine, and the jury convicted Fender. She appealed her conviction to the District Court and requested a new trial, arguing she was denied effective assistance of counsel because her attorney did not properly raise a parental discipline defense. The District Court affirmed the judgment of the Justice Court,[1] and she now appeals.

¶5      We review a district court's ruling on a motion for new trial for abuse of discretion. The underlying claim of ineffective assistance of counsel presents mixed questions of law and fact that we review de novo. *State v. Trull*, 2006 MT 119, ¶¶ 8-9, 332 Mont. 233, ¶¶ 8-9, 136 P.3d 551, ¶¶ 8-9.

---

[1] While district courts generally conduct trial de novo on an appeal from a Justice Court, pursuant to § 46-17-311(1), MCA, the Lewis and Clark County Justice Court is a court of record. Therefore, the District Court in this case was limited to review of the record and questions of law. Section 3-10-115(1), MCA.

¶6     Did the District Court err in denying Fender a new trial based on ineffective assistance of counsel?

¶7     Both Article II, Section 24 of the Montana Constitution and the Sixth Amendment of the United States Constitution guarantee the right to effective assistance of counsel. To determine whether a defendant received effective assistance of counsel at trial, this Court applies the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *State v. Hendricks*, 2003 MT 223, ¶ 6, 317 Mont. 177, ¶ 6, 75 P.3d 1268, ¶ 6. Under *Strickland*, a defendant bears the burden to show (1) that counsel's performance fell short of the range of competence required of attorneys in criminal cases and (2) that there is a reasonable probability counsel's deficient performance prejudiced the outcome of the case. *Swan v. State*, 2006 MT 39, ¶ 16, 331 Mont. 188, ¶ 16, 130 P.3d 606, ¶ 16.

¶8     The Court engages in "a strong presumption that counsel's performance was based on sound trial strategy and falls within a wide range of reasonable professional conduct." *Hendricks*, ¶ 7 (citations omitted). A "mere conclusory allegation" that counsel's tactics were ineffective is insufficient to overcome this strong presumption. *State v. Grixti*, 2005 MT 296, ¶ 30, 329 Mont. 330, ¶ 30, 124 P.3d 177, ¶ 30 (citations omitted). Further, a defendant does not prove ineffective assistance simply because counsel did not pursue a particular defense if the defense had no merit or factual basis. *State v. Mahoney*, 264 Mont. 89, 101, 870 P.2d 65, 73 (1994).

¶9     On direct appeal, we generally address ineffective assistance of counsel claims only if they are record based claims, rather than non-record claims. *State v. Meyers*, 2007 MT 230, ¶ 9, 339 Mont. 160, ¶ 9, ___ P.3d ___, ¶ 9. The key inquiry in determining if an action is

3

non-record is whether "the record fully explain[s] *why* counsel took the particular course of action." *State v. White*, 2001 MT 149, ¶ 20, 306 Mont. 58, ¶ 20, 30 P.3d 340, ¶ 20. Typically, counsel's failure to prepare a particular defense is a non-record based claim that we do not address on direct appeal. *White*, ¶ 18. If defendant raises a non-record argument, we will dismiss the claim without prejudice, and the defendant may raise the issue instead in a post-conviction proceeding where she can more fully develop the record to demonstrate counsel's ineffectiveness. *Meyers*, ¶ 11.

¶10　In rare instances, however, we may conclude counsel was ineffective even if the record does not explain why counsel chose a particular tactic if there is "no plausible justification" for counsel's conduct. *State v. Jefferson*, 2003 MT 90, ¶ 50, 315 Mont. 146, ¶ 50, 69 P.3d 641, ¶ 50. In *Jefferson*, we concluded that no justification could exist when counsel admitted his client's guilt on one of the charges during opening and closing arguments. *Jefferson*, ¶ 50. Similarly, we have also concluded that there is no justification when counsel fails to request a jury instruction informing jurors to view accomplice testimony with distrust. *State v. Kougl*, 2004 MT 243, ¶¶ 21-22, 323 Mont. 6, ¶¶ 21-22, 97 P.3d 1095, ¶¶ 21-22; *State v. Rose*, 1998 MT 342, ¶¶ 18, 20, 292 Mont. 350, ¶¶ 18, 20, 972 P.2d 321, ¶¶ 18, 20.

¶11　In this case, nothing in the record or the Appellant's brief indicates why counsel was ineffective in failing to raise the parental discipline defense. As we stated in *Mahoney*, counsel was not required to use this defense in Fender's case unless there was some basis for raising it. In fact, Appellant offers nothing more than a "mere conclusory allegation" that counsel should have raised the defense, without offering any facts to show the defense might

4

have had merit. *Grixti*, ¶ 30. Such a conclusory allegation is clearly not sufficient to overcome the strong presumption under the *Strickland* test that counsel's performance was sufficient. Thus, on the basis of the facts before us, we cannot say that counsel failed to meet the level of competence required.

¶12 However, because this appeal is based on counsel's alleged error in not raising a defense, it is a non-record error more appropriately raised in a post-conviction proceeding. *White*, ¶ 18. Although Appellant attempts to liken her case to *Jefferson* and asserts no justification could exist for counsel's failure to raise the parental discipline defense, her reliance on *Jefferson* is misplaced. Unlike *Jefferson*, where no trial strategy could justify counsel's actions, Fender's counsel could easily be justified in not raising the parental discipline defense, particularly if, as stated above, the facts do not support it. Unless Fender presents facts in a post-conviction proceeding, not on the record here, that show the defense of parental discipline had some merit, she will not be able to succeed on a claim of ineffective assistance of counsel.

¶13 We conclude the District Court did not err in denying Fender's request for a new trial based on the claim of ineffective assistance of counsel. Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ JIM RICE