FILED

05/09/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0509

DA 15-0509

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 112

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

CHARLES BYRON STRATTON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDC-13-395
Honorable Kenneth Neill, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

         Chad Wright, Chief Appellate Defender, James Reavis, Assistant Appellate
         Defender, Helena, Montana

      For Appellee:

         Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant
         Attorney General, Helena, Montana

         John Parker, Cascade County Attorney, Amanda Lofink, Deputy County
         Attorney, Great Falls, Montana

Submitted on Briefs: March 15, 2017

Decided: May 9, 2017

Filed:

_____
              Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Defendant Charles Stratton appeals from his conviction in the Eighth Judicial District, Cascade County. Stratton was convicted of Obstructing a Peace Officer, Partner or Family Member Assault, three counts of Criminal Endangerment, two counts of Violation of Order of Protection, and Resisting Arrest. We restate the issues as follows:

> *Issue One: Whether Stratton's claim of ineffective assistance of counsel is reviewable on direct appeal.*
>
> *Issue Two: Whether Stratton is entitled to seek specific performance of a plea agreement that he contends the State breached.*

¶2 We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 On August 17, 2013, Stratton was involved in a standoff with police at his home in Belt, Montana. He was arrested and charged with eight offenses: one count misdemeanor Obstructing a Peace Officer; one count misdemeanor Partner or Family Member Assault (PFMA); three counts felony Criminal Endangerment; two counts misdemeanor Violation of Order of Protection; and one count misdemeanor Resisting Arrest. After several delays, the District Court set a trial date for June 16, 2014, approximately 300 days after the initial charges were filed. On May 12, 2014, Stratton filed a Motion to Dismiss Due to Speedy Trial Violation. Before the scheduled hearing on Stratton's Motion to Dismiss, Stratton and the State entered into a plea agreement pursuant to § 46-12-211(1)(b), MCA. Stratton agreed to plead guilty to one count criminal endangerment and one count PFMA in exchange for the State dismissing the other charges. The agreement included a

2

recommended ten-year suspended sentence on the criminal endangerment charge and a concurrent one-year sentence, with all but one day suspended, on the PFMA charge.

¶4      On June 11, 2014, Stratton entered guilty pleas pursuant to the plea agreement. The District Court ordered a presentence investigation report (PSI). On August 26, 2014, the District Court held a sentencing hearing. At the outset of the hearing, and in response to a question from the District Court, the prosecutor advised the Court that there were several police officers present who were opposed to the plea agreement, but that the State was "not specifically offering [their] testimony." The District Court asked the State about the victim, who was not present at the hearing but had made a Victim Impact Statement for the PSI. After concluding the exchange about the victim, the District Court asked the State to question the PSI's author, Officer Williams, about his opposition to the plea agreement. The District Court also called for Deputy Lebrun and Officer Hides to be questioned. Stratton made no objections to these witnesses being called. After hearing all the testimony, the District Court rejected the plea agreement.

¶5      After the District Court rejected the plea agreement, Stratton chose to withdraw his guilty pleas and proceed to trial. In the interim between withdrawing his guilty pleas and the new trial date, Stratton did not seek a ruling on his speedy trial motion to dismiss. On December 9, 2014, a jury convicted Stratton on all eight charges against him. On the felony criminal endangerment charges, the District Court sentenced Stratton to ten years Montana State Prison (MSP) with no time suspended on the first felony conviction (Count III), and ten years MSP, suspended, on the remaining two felony convictions (Counts IV and V). The District Court ordered Counts IV and V to run concurrent with each other, and

3

consecutive to Count III. The District Court ordered that the sentences on all of Stratton's misdemeanor convictions were to run concurrent with his felony sentences.

## STANDARDS OF REVIEW

¶6 Claims of ineffective assistance of counsel are mixed questions of law and fact we review de novo. *Whitlow v. State*, 2008 MT 140, ¶ 9, 343 Mont. 90, 183 P.3d 861. We review claims of ineffective assistance of counsel when they are based solely on the record, except in rare instances in which there is no justification for trial counsel's actions or omissions. *State v. Fender*, 2007 MT 268, ¶¶ 9-10, 339 Mont. 395, 170 P.3d 971.

¶7 Under the plain error doctrine, we may review unpreserved claims that implicate the defendant's fundamental constitutional rights. *State v. Taylor*, 2010 MT 94, ¶ 13, 356 Mont. 167, 231 P.3d 79. Plain error challenges to plea agreements are first reviewed de novo to determine if a breach occurred. We then conduct a plain error review by asking whether the breach was so obvious that it affected the fairness of the sentencing proceeding. *State v. Rardon*, 2002 MT 345, ¶ 17, 313 Mont. 321, 61 P.3d 132 (*Rardon II*).

## DISCUSSION

¶8 *Issue One: Whether Stratton's claim of ineffective assistance of counsel is reviewable on direct appeal.*

¶9 The right to counsel in a criminal proceeding is protected by the Sixth Amendment to the United States Constitution, as incorporated through the Fourteenth Amendment, as well as Article II, Section 24 of the Montana Constitution. In general, we only review claims of ineffective assistance of counsel once a record has been developed. However, where there exists no justification for the actions or omissions of trial counsel, we will

4

review such claims on direct appeal even in the absence of a record. *Fender*, ¶ 10. Counsel failing to carry out an obligatory, and therefore non-tactical, action may trigger review of a non-record-based claim of ineffective assistance. *State v. Kougl*, 2004 MT 243, ¶ 15, 323 Mont. 6, 97 P.3d 1095. Put another way, if the question being asked on direct appeal is "why" counsel acted as alleged by a defendant, we will only extend review if the question can be answered by reference to the record. *Kougl*, ¶ 14. Usually the record is insufficient to determine why counsel acted as alleged. In those instances, the ineffective assistance claim is not susceptible to review on direct appeal, and should be brought in a petition for postconviction relief. *State v. Sartain*, 2010 MT 213, ¶ 30, 357 Mont. 483, 241 P.3d 1032. If, instead, the question is "whether" counsel acted, we may review claims of ineffective assistance of counsel even without a sufficient record. *Kougl*, ¶ 15.

¶10 Stratton argues that by filing the Motion to Dismiss Due to Speedy Trial Violation, his counsel created a non-tactical obligation to seek a ruling on the motion. Stratton argues that his attorney's failure to seek a ruling on the motion constitutes ineffective assistance. Stratton urges us to conclude that there is no justification for failing to seek a ruling on the motion to dismiss, and that his counsel had nothing to lose by seeking a ruling. The record is silent as to why Stratton's counsel did not seek a ruling on the motion to dismiss. A silent record is generally insufficient to rebut a strong presumption that counsel has "provided reasonable professional assistance." *State v. Lewis*, 2007 MT 16, ¶ 21, 335 Mont. 331, 151 P.3d 883. For us to determine whether Stratton's counsel was ineffective, we have to speculate on every conceivable reason counsel elected not to seek a ruling. We decline to do so.

¶11    Stratton suggests that attorneys must seek rulings on any motion they file with a district court. In support of this argument, Stratton relies on *State v. Favel*, 2015 MT 336, 381 Mont. 472, 362 P.3d 1126, in which we held that for a motion in limine to preserve an issue for appeal in the absence of an objection at trial, a party must obtain a definitive ruling on that motion. *Favel*, ¶ 21. Stratton's reliance on *Favel* is misplaced. The issue in *Favel* was whether an unresolved motion in limine preserved an issue for appeal; it was not whether failure to obtain a ruling on the motion was record-based evidence of ineffective assistance of counsel.

¶12    Stratton's ineffective assistance of counsel claim is not apparent based on the record before us. We, therefore, cannot resolve it on direct appeal. Stratton may pursue this claim in a petition for postconviction relief. *Lacey v. State*, 2017 MT 18, ¶ 16, 386 Mont. 204, 389 P.3d 233.

¶13    *Issue Two: Whether Stratton is entitled to seek specific performance of a plea agreement that he contends the State breached.*

¶14    If a plea agreement is breached, but no objections are made at the sentencing hearing, we will only extend plain error review to those breaches that are so obvious and substantial that a failure to address the breach would affect the fairness of the proceedings. *Rardon II*, ¶ 16. Obvious and substantial breaches are those that "would almost undoubtedly cause the court to question the appropriateness of the recommended sentence" and effectively taint the sentencing procedure. *Rardon II*, ¶¶ 22-23. The remedy for a breach of plea agreement is specific performance of the plea agreement or the withdrawal of the defendant's guilty plea. *Rardon II*, ¶ 26.

¶15 Stratton alleges several instances in which he contends the State breached the plea agreement at the sentencing hearing: he contends the State failed to advocate in favor of the agreement; he characterizes the State's advising the District Court of the victim's opposition to the agreement as "stepping into the victim's shoes"; he contends the State undermined the agreement by advising the District Court of witnesses present who opposed the agreement; and he contends the State solicited damaging testimony from witnesses that undermined the agreement. Stratton argues that the State's alleged breach requires reversal of his convictions and remand to the District Court to allow him the option to demand specific performance of the original terms of the plea agreement. We disagree.

¶16 Assuming, for the sake of the argument, that Stratton is correct in claiming there was a breach of the plea agreement, the breach could not taint the sentencing procedure following the plea, because there was no sentencing procedure to taint. Stratton's plea agreement was made pursuant to § 46-12-211(1)(b), MCA, which allows a defendant to withdraw a guilty plea in the event the sentencing court rejects the terms of the plea agreement. Section 46-12-211(4), MCA. This is what Stratton elected to do. Specific performance serves as an *alternative* remedy to withdrawal of a guilty plea when an obvious and substantial breach occurs. *Rardon II*, ¶ 26. The thing about alternatives is you get to pick one or the other—not both. Having been dissatisfied with what was behind door number one, Stratton now asks us to open door number two for him. We decline to do so.

7

## CONCLUSION

¶17 Stratton's ineffective assistance of counsel claim is not apparent based on the record before us, and thus is not susceptible to review on direct appeal. Stratton may pursue this claim in a petition for postconviction relief. Assuming, for the sake of argument, that the State breached the plea agreement, Stratton elected the remedy of withdrawing his plea in response to the alleged breach. He cannot now obtain the alternative remedy of specific performance.

¶18 We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ DIRK M. SANDEFUR