FILED

05/19/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0346

DA 18-0346

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2020 MT 128

STATE OF MONTANA,

       Plaintiff and Appellee,

   v.

STACY MICHAEL TRUJILLO,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDC 17-059
Honorable John A. Kutzman, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Chad Wright, Appellate Defender, Michael Marchesini, Assistant Appellate
Defender, Helena, Montana

      For Appellee:

           Timothy C. Fox, Montana Attorney General, Roy Brown, Assistant
Attorney General, Helena, Montana

           Joshua A. Racki, Cascade County Attorney, Kory Larsen, Deputy County
Attorney, Great Falls, Montana

Submitted on Briefs:  April 15, 2020

Decided:  May 19, 2020

Filed:

_____
Clerk

Justice Dirk Sandefur delivered the Opinion of the Court.

¶1 Stacy Michael Trujillo appeals his judgment of conviction in the Montana Eighth District Court, Cascade County, on the offenses of attempted deliberate homicide, a felony in violation of §§ 45-4-103 and 45-5-102(1)(a), MCA, and evidence tampering, a felony in violation of § 45-7-207(1)(a), MCA. The dispositive issues are:

1. *Whether the District Court committed plain error in violation of § 45-3-110, MCA, by allowing the State's closing argument that Trujillo's failure to retreat or summon police prior to using deadly force was unreasonable?*

2. *Whether the District Court committed plain error in violation of Trujillo's constitutional right to remain silent by allowing the State's closing and rebuttal argument references to his post-*Miranda *silence?*

3. *Whether the State's closing argument regarding an alternative factual basis for the evidence tampering charge effected an improper de facto amendment of the charging Information?*

¶2 We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

¶3 On February 2, 2017, the State charged Trujillo with attempted deliberate homicide after he repeatedly stabbed Omer Carbajal with a knife in the lobby of the Great Falls Rescue Mission. The State also charged him with evidence tampering based on a witness statement that Trujillo later threw something believed to be a knife over a fence into a neighboring auto-repair yard.

¶4 A video surveillance camera clearly captured the stabbing incident. It showed Trujillo calmly approach Carbajal from behind where he was sitting at a table talking with another man, tap him on the shoulder, whisper in his ear, and then suddenly step back,

2

produce a knife, and repeatedly stab the unsuspecting Carbajal about the face and head. A responding Great Falls police officer (Officer Torres) later arrested Trujillo on the street a block away. After returning to the Mission to view the surveillance video and confirm that he had the right man, the officer took Trujillo to the police station, advised him of his *Miranda* rights, and requested that he submit to questioning. After initially signing a *Miranda* waiver, Trujillo declined to speak further.

¶5    At trial, Trujillo acknowledged that he stabbed Carbajal but asserted that he acted in self-defense. He testified and argued to the jury that he reasonably feared that Carbajal would shoot him based on his uncorroborated testimony that Carbajal had minutes before threatened to shoot him with a gun outside on the sidewalk.[1] Contrary to witness testimony that he threw what appeared to be the subject knife over a neighboring fence, Trujillo testified that the knife he used was the knife that police later found on the sidewalk outside the Mission.[2] After a three-day trial, the jury found Trujillo guilty of both offenses. The District Court later sentenced him to 60 years in prison without parole—50 years for attempted deliberate homicide and 10 for evidence tampering. Trujillo timely appealed.

---

[1] Trujillo did not assert at trial that he saw a gun or that Carbajal actually had a gun. Nor did the police find a gun at the scene. No witness testified to seeing a gun or that Carbajal in fact had one.

[2] Police did not find a knife in the neighboring auto-repair yard. Based on witness testimony describing the subject knife and the fact that a knife tip was later recovered from Carbajal's head wounds, the State asserted that the sidewalk knife did not match and was not the knife used to stab Carbajal.

**STANDARDS OF REVIEW**

¶6      Whether an unpreserved error warrants plain error review is a question of law reviewed de novo. *State v. Stratton*, 2017 MT 112, ¶ 7, 387 Mont. 384, 394 P.3d 192. The failure to preserve an assertion of error by contemporaneous objection generally waives the right to subsequent appellate review. Section 46-20-104(2), MCA. *See also State v. Long*, 2005 MT 130, ¶ 35, 327 Mont. 238, 113 P.3d 290 (we generally will not review issues raised for the first time on appeal due to unfairness of faulting a lower court for failure to correctly rule on an unraised issue). As a narrow exception to the waiver rule, we may, in our discretion, review an unpreserved objection if it implicates a fundamental constitutional right and plain error review is necessary to avoid a manifest miscarriage of justice, leaving an unsettled question regarding the fundamental fairness of the proceeding, or otherwise compromising the integrity of the judicial process. *State v. Dahlin*, 1998 MT 113, ¶ 14, 289 Mont. 182, 961 P.2d 1247; *State v. Finley*, 276 Mont. 126, 137-38, 915 P.2d 208, 215 (1996) (distinguishing common law plain error doctrine from limited statutory plain error review), *overruled on other grounds by State v. Gallagher*, 2001 MT 39, ¶ 21, 304 Mont. 215, 19 P.3d 817. We thus exercise plain error review only under extraordinary circumstances. *State v. Mitchell*, 2012 MT 227, ¶ 10, 366 Mont. 379, 286 P.3d 1196; *Finley*, 276 Mont. at 138, 915 P.2d at 215. Mere assertion that an asserted error implicates a constitutional right or that a manifest miscarriage of justice will result absent review is insufficient—the appellant must affirmatively demonstrate the criteria for plain error review. *State v. Gunderson*, 2010 MT 166, ¶ 100, 357 Mont. 142, 237 P.3d 74. Whether

an asserted error implicates a fundamental constitutional right is a question of law subject to plenary review. *State v. Charlie*, 2010 MT 195, ¶ 21, 357 Mont. 355, 239 P.3d 934; *State v. Brander*, 280 Mont. 148, 150-51, 930 P.2d 31, 33 (1996).

¶7 Whether a prosecutor's closing argument comment effects a de facto substantive amendment of a charging Information is a question of law reviewed de novo. *See State v. Bianca Wilson*, 2007 MT 327, ¶¶ 21-32, 340 Mont. 191, 172 P.3d 1264.

## DISCUSSION

¶8 *1. Whether the District Court committed plain error in violation of § 45-3-110, MCA, by allowing the State's closing argument that Trujillo's failure to retreat or summon police prior to using deadly force was unreasonable?*

¶9 Tracking a related line of cross-examination of Trujillo, the State essentially argued during closing that his asserted self-defense theory was not credible because it was unreasonable under the circumstances for him to stab Carbajal rather than leave, call the police, or seek assistance from the attending front desk clerk at the Mission. Trujillo did not contemporaneously object to this line of cross-examination or the State's corresponding closing argument. He now asserts, however, that the argument was plain error contrary to § 45-3-110, MCA, thereby "punishing him for invoking" his statutory right to self-defense in violation of his federal and state constitutional rights to due process of law. We disagree.

¶10 As pertinent here, a "person is justified in the use of force likely to cause death or serious bodily harm only if the person reasonably believes that the force is necessary" to protect him or herself from "imminent death or serious bodily harm." Section 45-3-102, MCA. A person lawfully present "who is threatened with bodily injury

5

or loss of life has no duty to retreat . . . or summon law enforcement . . . prior to using force." Section 45-3-110, MCA. Under § 45-3-102, MCA, whether a person reasonably believed that deadly force was necessary for self-protection under the circumstances is a question of fact for jury determination.

¶11 Trujillo does not dispute that the District Court properly instructed the jury on the pertinent law of self-defense. He further acknowledges that, in closing, the State specifically acknowledged that he had no duty to flee or summon police prior to using force in self-defense. The trial record clearly indicates that the State merely argued to the jury that it was not reasonable *as a matter of fact* under the circumstances for Trujillo to approach Carbajal from behind and stab him, rather than leave, summon the police, or seek assistance from the attending Rescue Mission clerk. We hold that Trujillo has failed to demonstrate that the District Court committed plain error in not intervening *sua sponte* to limit or cure the State's closing or rebuttal argument references to the reasonableness of his conduct under the circumstances.

¶12 *2. Whether the District Court committed plain error in violation of Trujillo's constitutional right to remain silent by allowing the State's closing and rebuttal argument references to his post-*Miranda *silence?*

¶13 Though cherry-picked out of context on appeal, Trujillo correctly asserts that the State's closing and rebuttal arguments referenced the fact that he ultimately exercised his right to remain silent at the police station after his arrest. As with his other assertion of plain error, he did not contemporaneously object. Pursuant to *Doyle v. Ohio*, 426 U.S. 610, 618-19, 96 S. Ct. 2240, 2244-45 (1976), and conforming Montana authority, he now asserts

6

that the State's reference to his post-*Miranda* silence was a plain error violation of his federal and state constitutional right to remain silent. We disagree.

¶14　A criminally accused has the right to remain silent and require the State to affirmatively prove his or her guilt. *See* U.S. Const. amend. V and XIV; Mont. Const. art. II, § 25; § 46-16-204, MCA. As a procedural safeguard of this fundamental right, law enforcement officers may not subject an accused to custodial interrogation absent an advisory and knowing, voluntary, and intelligent waiver of the person's constitutional rights to remain silent and the assistance of counsel. *State v. Morrisey*, 2009 MT 201, ¶¶ 28-29, 351 Mont. 144, 214 P.3d 708; *Miranda v. Arizona*, 384 U.S. 436, 467-77, 86 S. Ct. 1602, 1624-30 (1966).

¶15　In turn, except where first introduced, elicited, or referenced by the accused as proof of innocence,[3] the State generally may not introduce, elicit, or otherwise reference the post-*Miranda* silence of an accused as evidence of guilt or to impeach or rebut the accused's subsequent account of the charged events. *State v. Wagner*, 2009 MT 256, ¶¶ 16-21, 352 Mont. 1, 215 P.3d 20 (impermissible repeated case-in-chief testimony, cross-examination of defendant, and closing argument references to post-*Miranda* silence

---

[3] *See, e.g.*, *State v. White*, 200 Mont. 123, 127-28, 650 P.2d 765, 767-68 (1982) (permissible cross-examination/closing argument reference to prior post-*Miranda* silence inconsistent with subsequent trial testimony triggered by defendant's trial testimony referencing prior post-*Miranda* silence as evidence of innocence), *overruled on other grounds by State v. Montoya*, 1999 MT 180, 295 Mont. 288, 983 P.2d 937; *State v. Sadowski*, 247 Mont. 63, 78, 805 P.2d 537, 546 (1991) (permissible case-in-chief re-direct/closing argument reference to defendant's post-*Miranda* silence where defendant did not testify at trial triggered by defense-elicited cross-examination testimony from state witness as to defendant's post-*Miranda* silence as evidence of innocence), *overruled on other grounds by State v. Ayers*, 2003 MT 114, 315 Mont. 395, 68 P.3d 768.

7

not referenced by defendant as evidence of innocence); *State v. Sullivan*, 280 Mont. 25, 34-35, 927 P.2d 1033, 1038-39 (1996) (impermissible opening statement, case-in-chief testimony, and closing argument reference to post-*Miranda* silence where defendant did not testify at trial); *Doyle*, 426 U.S. at 618-19, 96 S. Ct. at 2244-45 (impermissible cross-examination and closing argument reference to post-*Miranda* silence inconsistent with trial testimony). As a narrow exception to the *Doyle* rule, the State may use or reference an accused's pre-*Miranda* silence to impeach or rebut his or her subsequent statements or trial testimony. *See State v. Clausell*, 2001 MT 62, ¶¶ 57-61, 63, 305 Mont. 1, 22 P.3d 1111 (permissible opening statement, case-in-chief, cross-examination, and closing argument references to inconsistencies between defendant's trial testimony and prior pre-*Miranda* silence/statements and post-*Miranda* statements); *Sullivan*, 280 Mont. at 33-34, 927 P.2d at 1038 (permissible case-in-chief testimony/closing argument reference to post-arrest pre-*Miranda* silence on way to station where defendant did not testify at trial); *State v. Graves*, 272 Mont. 451, 460–61, 901 P.2d 549, 555 (1995) (permissible cross-examination/closing argument reference to pre-*Miranda* silence inconsistent with subsequent trial testimony), *overruled on other grounds by State v. Herman*, 2008 MT 187, 343 Mont. 494, 188 P.3d 978; *State v. Wiman*, 236 Mont. 180, 187, 769 P.2d 1200, 1204 (1989) (permissible cross-examination/closing argument reference to pre-*Miranda* silence inconsistent with post-*Miranda* pretrial statement), *abrogated on other grounds by State v. Curtis*, 241 Mont. 288, 299, 787 P.2d 306, 313 (1990); *State v. Furlong*, 213 Mont. 251, 258, 690 P.2d 986, 989 (1984) (distinguishing permissible cross-examination/closing

8

argument reference to pre-*Miranda* silence inconsistent with subsequent trial testimony from impermissible reference to post-*Miranda* silence inconsistent with trial testimony); *State v. Donald Wilson*, 193 Mont. 318, 631 P.2d 1273 (1981) (permissible cross-examination/closing argument reference to pre-*Miranda* silence inconsistent with subsequent trial testimony). While an alleged *Doyle* violation is an alleged violation of a fundamental constitutional right, plain error review is not warranted unless the appellant clearly demonstrates the alleged violation on the record. *See State v. Lackman*, 2017 MT 127, ¶ 25, 387 Mont. 459, 395 P.3d 477 (declining plain error review based on defendant's failure to clearly show impermissible references to post-*Miranda* silences beyond permissible references to pre-*Miranda* silence); *State v. Godfrey*, 2004 MT 197, ¶¶ 31, 40, 322 Mont. 254, 95 P.3d 166 (inadvisable cross-examination/closing argument references to post-rights advisory silence insufficient for plain error review—they were more akin to comment on the credibility of accused's account than a "clear comment on or infringement of" his right to remain silent).[4]

¶16    Here, Trujillo voluntarily testified in detail at trial as to his account of the sequence of the charged events. On cross-examination, the State challenged his account by asking why, if he felt threatened by Carbajal as alleged, he didn't just leave, avoid Carbajal, call the police, or seek assistance from the attending front desk clerk. He answered, *inter alia*,

---

[4] In *Godfrey*, on cross-examination of the defendant, the State asked "you had seven months to think up an explanation . . . [a]nd this is the first time that anyone has really heard this explanation[?]" *Godfrey*, ¶ 18. In pertinent part, the State then remarked in closing that "[h]e's got an explanation"—"[h]e's had plenty of time to think about it." *Godfrey*, ¶ 19.

9

that it was too cold out to leave the shelter and that he thus "took it upon" himself to defend himself. The State did not question him about his post-*Miranda* silence. He now bases his alleged *Doyle* violation on two isolated portions of the State's closing and rebuttal arguments, neither of which he objected to, to wit:

> Officer Torres told you the Defendant invoked his right to counsel that night. He didn't say anything about defending himself. He didn't say anything about a gun. That's what Officer Torres told you.
>
> .   .   .
>
> If you defended yourself, would you get rid of the weapon you used to defend yourself? No. You keep that so you can show it to law enforcement and say, this is what I used, and I used it to defend myself. The first time he says that is on the stand yesterday.

¶17 In context, the record clearly reflects that the State was commenting on Trujillo's pre-*Miranda* silence after the stabbing, pre- and post-arrest, prior to arrival at the police station. Tracking its cross-examination of Trujillo, the State recounted the trial evidence and pointed out the extent to which his trial account was inconsistent with his video-recorded conduct, eye-witness testimony of the incident, and his ultimate assertions that he reasonably feared for his safety and thus reasonably used deadly force in self-defense. In context, the record clearly manifests that the State did not suggest, invite, or lay the groundwork for any negative jury inference from Trujillo's post-*Miranda* silence.

¶18 Even if viewed in isolation out of context of the rest of the State's closing and rebuttal arguments, the fact remains that it was Trujillo, not the State, who first commented on his post-*Miranda* silence to the jury in his opening statement:

10

The police show up [after the stabbing]. They pull him to the side. He cooperates, and they take him to the police station. He cooperates with them. He signed a little piece of paper, waiving his rights so that he could talk to him [sic], and exercise his constitutional rights . . . . But then he decided it would be best he should talk to a lawyer, and he did not say any more to the police.

Trujillo, not the State, affirmatively elicited similar cross-examination testimony from the involved police officer, again pointing out to the jury that, after initially signing a *Miranda* waiver, he retracted it and chose not to make any further statement. Moreover, it was Trujillo, not the State, who then first asserted during closing argument that he fully cooperated with the police until he later exercised his right to remain silent at the station. Finally, it was Trujillo, not the State, who first commented to the jury at closing that the "first time" he told his story was at trial. Under these circumstances, we hold that Trujillo has not shown that the District Court committed plain error by not intervening *sua sponte* to limit or cure the State's reference to his pre- or post-*Miranda* silence. *See, e.g., Clausell*, ¶¶ 57-63 (permissible reference to pre-*Miranda* silence to impeach inconsistent defendant statements); *White*, 200 Mont. at 127-28, 650 P.2d at 767-68 (permissible reference to post-*Miranda* silence when first elicited or referenced by defendant in support of innocence).

¶19     *3. Whether the State's closing argument regarding an alternative factual basis for the evidence tampering charge effected an improper de facto amendment of the charging Information?*

¶20     Trujillo finally asserts that the District Court erroneously allowed the State to untimely amend the substance of the evidence tampering charge by allowing it to argue, over objection, that it did not matter whether the jury found that he threw the subject knife

11

over a fence, as asserted by the State, or merely dropped it on the sidewalk while walking away from the scene, as he asserted. The State may not amend the substance of an Information except upon leave of court on timely pretrial motion "accompanied by an affidavit stating facts" showing the probable cause for the amended charge. Section 46-11-205(1), MCA. The purpose of this procedural requirement is to provide reasonable notice to the defendant of the charge and its substantive factual basis, thereby affording a reasonable opportunity to "prepare and present [a] defense." *State v. Hardground*, 2019 MT 14, ¶ 9, 394 Mont. 104, 433 P.3d 711. An amendment is substantive if it alters the essential elements of the offense, the required proof, or available defenses, thus prejudicing the defendant's substantial rights. *Hardground*, ¶¶ 10-13.

¶21 Here, the State did not seek amendment of the tampering charge. No amendment of the charge occurred. Trujillo has further failed to demonstrate that the State's argument, made in response to his trial assertion, materially prejudiced his right to reasonable notice of the elements of the tampering charge or its required proof. As charged, the material essence of the tampering charge was his act of concealing or removing the subject knife "with purpose to impair its verity or availability" as incriminating evidence. *See* § 45-7-207(1)(a), MCA. Regardless of variance in the State's responsive alternative trial argument regarding the manner by which Trujillo removed or concealed it, the Information fairly apprised him of the State's intent to prove and convict him for concealing or removing the subject knife from the scene to impair any subsequent investigation. *See Bianca Wilson*, ¶¶ 30-32 (holding that state reliance at trial on previously

12

unreferenced murder weapon as evidence tampering predicate not an improper de facto substantive amendment of the charge—charge predicated on concealment or removal of described vehicle and its contents encompassed any unnamed evidence that may have been present therein).

¶22 Trujillo admitted that he removed and disposed of the subject knife from the scene.[5] Moreover, the State did not abandon its originally asserted tampering theory (i.e., that he removed and disposed of the knife by throwing it over a neighboring fence). It simply asserted that he still removed or concealed the knife as charged even if the jury believed his assertion that he instead dropped it on the sidewalk outside. We hold that the State's alternative factual argument regarding the evidence tampering charge did not effect a de facto amendment of the substance of the charging Information.[6]

**CONCLUSION**

¶23 In sum, we hold that Trujillo has failed to demonstrate that the District Court committed plain error by allowing the State to argue that it was not reasonable under the circumstances for him to use deadly force in lieu of alternative courses of action available under the circumstances. We hold that he has similarly failed to demonstrate that the District Court committed plain error by allowing the State's closing and rebuttal argument

---

[5] He testified that "I either dropped—threw it right there or dropped it when I walked off . . . I do not recall if I dropped it out of my hand or I threw it on the sidewalk."

[6] We emphasize that our analysis and holding is limited to the narrow issue presented without comment on the sufficiency of the evidence on the elements of the tampering charge.

references to his pre- or post-*Miranda* silence under the circumstances in this case. We finally hold that the State's alternative factual argument regarding the evidence tampering charge did not effect a de facto amendment of the substance of the charging Information.

¶24 Affirmed.

/S/ DIRK M. SANDEFUR

We concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE