FILED

09/20/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0143

DA 21-0143

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 181N

JILL MARIE LOTTER,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:   District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDV 2014-155
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Colin M. Stephens, Smith & Stephens, P.C., Missoula, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Tammy K Plubell,
Assistant Attorney General, Helena, Montana

          Leo J. Gallagher, Lewis and Clark County Attorney, Helena, Montana

Submitted on Briefs:  July 8, 2022

Decided:  September 20, 2022

Filed:

                 _____
                              Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Jill Lotter appeals the First Judicial District Court's denial of her Amended Petition for Postconviction Relief after it concluded that she received effective assistance of counsel at trial and on appeal. We affirm.

¶3     In 2011, a jury convicted Lotter of Attempted Deliberate Homicide of her husband. The District Court sentenced her to serve forty years in the Montana Women's Prison. Lotter appealed her conviction; this Court affirmed. *State v. Lotter*, 2013 MT 336, 372 Mont. 445, 313 P.3d 148.

¶4     Lotter then filed a pro se Petition for Postconviction Relief. The District Court appointed her counsel. Appointed counsel filed the Amended Petition at issue, raising five ineffective assistance of counsel claims: 1) trial counsel ineffectively investigated and presented Lotter's battered woman syndrome defense; 2) trial counsel failed to preserve a due process challenge to testimony relaying a statement by Mr. Lotter; 3) trial counsel failed to investigate blood spatter evidence or to object to a detective's testimony on that topic; 4) trial counsel did not sufficiently prepare Lotter for testifying; and 5) appellate counsel failed to raise these claims on direct appeal.

¶5	The District Court denied claims 1, 2, 4, and 5 without a hearing. The court held a hearing on claim 3—regarding the handling of the blood spatter evidence—and denied that claim after considering the evidence.

¶6	We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Heavygun v. State*, 2016 MT 66, ¶ 8, 383 Mont. 28, 368 P.3d 707. Ineffective assistance of counsel claims raise mixed questions of law and fact, which we review de novo. *Heavygun*, ¶ 8.

¶7	To evaluate Lotter's claims, we apply the two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *Rosling v. State*, 2012 MT 179, ¶ 23, 366 Mont. 50, 285 P.3d 486. First, Lotter must show that counsel's performance was deficient. *Rosling*, ¶ 23. An attorney's conduct is considered deficient when it falls "below an objective standard of reasonableness measured under prevailing professional norms and in light of the surrounding circumstances." *Whitlow v. State*, 2008 MT 140, ¶ 20, 343 Mont. 90, 183 P.3d 861. Second, she must show that counsel's deficient performance prejudiced her defense. *Rosling*, ¶ 23. Prejudice occurs when there is a reasonable probability that, absent error, the trial outcome would have been different. *Sartain v. State*, 2012 MT 164, ¶ 11, 365 Mont. 483, 285 P.3d 407.

**Claim 1: Ineffective Investigation and Presentation of Battered Woman Syndrome Defense**

¶8 Lotter argues that her trial attorneys, Gregory Jackson and Chad Wright, were ineffective because they failed to present evidence of abuse that would have laid the foundation for expert testimony establishing battered woman syndrome as a defense.

¶9 Lotter's defense at trial was that she was justified in using force against her husband because of the history of abuse that she had experienced. Her trial counsel gave notice that they planned to use expert witnesses to testify about the behavior of individuals in abusive relationships. On the State's motion in limine, the District Court ruled that Lotter could call the experts if she could establish a proper foundation. After Lotter testified about her experiences with her husband, the District Court determined that she had not provided enough evidence of abuse to lay the foundation to allow an expert to testify on the matter.

¶10 Lotter appealed the exclusion of expert testimony to this Court. *Lotter*, ¶ 2. We reviewed the record and affirmed. Lotter did present evidence of her husband's demeaning and degrading comments, but we held that her "vague testimony about rages [did not] establish the multiple cycles of violence necessary to provide a foundation for battered woman syndrome." *Lotter*, ¶ 19. Now, Lotter asserts that her trial counsel was ineffective in developing her history of abuse.

¶11 Lotter has not offered additional evidence of abuse that her trial counsel failed to investigate and present. She offers only facts from the trial record, which we concluded were insufficient to lay the foundation for the expert testimony. Lotter's trial counsel did not ignore evidence of abuse; indeed, trial counsel examined Lotter at length regarding her

4

relationship with her husband. Lotter has not shown more compelling evidence her trial counsel could have presented.

¶12 Because Lotter failed to meet the first *Strickland* prong, deficiency, the District Court properly denied this claim. We need not address the prejudice prong. *Sartain*, ¶ 11.

**Claim 2: Failure to Preserve Due Process Challenge to Testimony**

¶13 Lotter argues that her trial attorneys should have preserved a due process challenge to testimony by an emergency responder. Fire chief Jerry Sheperd testified that when he responded to the incident, Lotter's husband stated, "This is the third time she's tried to kill me." Mr. Lotter had no memory of making the statement.

¶14 Lotter's attorney Chad Wright moved to exclude Mr. Lotter's statement on hearsay and confrontation grounds. Both motions failed. Wright then cross-examined Chief Sheperd but was unable to impeach him. We held on direct appeal that the District Court did not abuse its discretion in admitting the evidence as a prior inconsistent statement, but we declined to consider Lotter's new due process argument. *Lotter*, ¶¶ 29-32. Wright states in his postconviction affidavit that he thought he had sufficiently argued the unreliability of Mr. Lotter's statement. Wright admits, however, that he did not preserve a due process challenge to the statement and that he "did not have a tactical reason" for not doing so. The District Court was not persuaded that a due process challenge would have succeeded, even if Wright had raised one. Nor are we.

¶15 "[D]ue process considerations may prevent convictions where a reliable evidentiary basis is totally lacking." *State v. White Water*, 194 Mont. 85, 90, 634 P.2d 636, 639 (1981). The reliability of Mr. Lotter's statement in this case was supported by an appropriate

5

evidentiary basis. The prosecution established that there had been two prior unexplained incidents involving serious injury to Mr. Lotter and that Chief Sheperd had been dispatched to both; that there was a financial motive for Lotter's crime; and that Lotter showed a lack of concern for her husband's health after her attack on him. *See* Order on Petition for Postconviction Relief at 13, *Lotter v. State*, No. CDV-2014-155 (Mont. First Judicial Dist. Feb. 22, 2019). Both Mr. Lotter and Chief Sheperd testified at trial and were available for cross-examination. The State established sufficient indicia of reliability of Mr. Lotter's statement. Its admission would not have violated due process. Wright thus was not deficient for failing to preserve a due process challenge, and the District Court properly denied this claim.

**Claim 3: Failure to Investigate and Respond to Blood Spatter Evidence**

¶16    Lotter argues that her trial attorneys failed to investigate the blood spatter evidence presented at trial and failed to object to the expert testimony on that topic. Detective Cory Olson testified at trial about the general mechanics of blood spatter and the specific nature of the blood spatter he documented in the Lotters' home. Lotter's attorney Gregory Jackson stated in his postconviction affidavit that Detective Olson's testimony regarding the blood spatter evidence was "completely unexpected" and that he was not prepared to question the detective. The District Court set a hearing to develop a record on the matter.

¶17    After the hearing, the District Court concluded that Jackson's performance was neither deficient nor prejudicial. The District Court found that Jackson, an attorney with thirty-five years of experience at the time, questioned the detective's qualifications to testify about blood spatter and determined that the detective was qualified. Despite

6

Jackson's belief that his cross-examination could have been more extensive had he been better prepared, the District Court concluded that Jackson had used his experience and training to determine that Detective Olson was qualified and that the blood spatter was "helpful, not harmful, to the defense." Given those reasonable determinations, the court decided that Jackson's performance "fell within the wide range of professional competence." The court also found that in the twenty-seven-page transcript of the prosecution's closing, the prosecutor had mentioned blood spatter only twice and briefly; that the blood spatter evidence was "hardly a lynchpin" of the case; and that Lotter had not shown a reasonable probability that the result of the proceeding would have been different.

¶18 When evaluating an ineffective assistance of counsel claim, "every effort must be made 'to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Whitlow*, ¶ 15 (quoting *Strickland*, 466 U.S. at 689). "'Self-proclaimed inadequacies on the part of trial counsel in aid of a client on appeal are not persuasive.'" *State v. Weldele*, 2003 MT 117, ¶ 69, 315 Mont. 452, 69 P.3d 1162 (quoting *People v. Beagle*, 6 Cal. 3d 441 (1972), *superseded by statute* on other grounds).

¶19 The District Court made no error when it concluded that Jackson's handling of the blood spatter testimony was neither deficient nor prejudicial. Lotter does not dispute Detective Olson's qualifications. Though she argues that the State effectively used the detective's testimony to refute her theory of defense, she does not explain what Jackson should have unearthed about the evidence that would have made a difference. Jackson also used the blood spatter evidence in his own closing in support of Lotter's defense. Jackson's

later-expressed sentiment of feeling unprepared for the detective's testimony is not persuasive evidence of deficient performance in a case that was well tried. Lotter has not met her burden to show that additional efforts by counsel reasonably could have affected the outcome of the case against her. The District Court properly denied this claim.

**Claim 4: Insufficient Preparation of Defendant Before She Testified**

¶20 At trial, Lotter testified in support of her justifiable use of force theory of defense. She argues that her trial attorneys failed to prepare her for testimony and cross-examination.

¶21 Lotter provides no facts to support the claim that her counsel failed to prepare her to testify. She has not provided information regarding time (or lack of time) counsel spent preparing with her or specific topics that counsel should have covered but did not. Without developing a specifically alleged deficiency, Lotter has failed to overcome the presumption that counsel performed within reasonable professional norms. *Whitlow*, ¶ 15 (citing *Strickland*, 466 U.S. at 689). The District Court properly denied this claim.

**Claim 5: Ineffective Assistance of Appellate Counsel**

¶22 Lotter argues that her appellate counsel erred by failing to raise any issues regarding Detective Olson's blood spatter testimony on direct appeal. We evaluate ineffective assistance of appellate counsel claims with the same two *Strickland* questions—whether counsel's performance was deficient and whether that deficient performance prejudiced the defendant. *Rose v. State*, 2013 MT 161, ¶ 15, 370 Mont. 398, 304 P.3d 387. "[A]ppellate counsel need not raise every colorable issue on appeal. Our presumption of

effective assistance of appellate counsel will be overcome only when ignored issues are clearly stronger than those presented." *Rose*, ¶ 28 (citations omitted).

¶23 A party petitioning for postconviction relief cannot raise claims "that were or could reasonably have been raised on direct appeal." Section 46-21-105(2), MCA. Usually, however, "the record is insufficient to determine why counsel acted as alleged. In those instances, the ineffective assistance claim is not susceptible to review on direct appeal, and should be brought in a petition for postconviction relief." *State v. Stratton*, 2017 MT 112, ¶ 9, 387 Mont. 384, 394 P.3d 192. In her Brief in Support of Amended Petition for Postconviction Relief, Lotter conceded that only the issue of Detective Olson's testimony (claim 3) "could plausibly have been raised on appeal." The District Court determined that claim 3 was not "sufficiently record-based to implicate ineffective assistance of appellate counsel." We agree.

¶24 Lotter's appellate counsel did raise two issues on appeal: whether the District Court erred by excluding Lotter's proposed expert testimony regarding abusive relationships and by admitting her husband's statement to Chief Sheperd. This Court classified Lotter's appeal for and heard oral argument on the case. Lotter's appellate counsel conceivably could have raised an issue regarding the admission of Detective Olson's testimony, but Lotter presents no compelling argument that this claim was stronger than the issues appellate counsel did choose to raise. The District Court did not err when it denied this claim.

9

**Cumulative Error**

¶25 Finally, Lotter argues that her five ineffective assistance of counsel claims should have been considered cumulatively and thus that the District Court abused its discretion when it held a hearing on claim 3 but denied the other four claims without a hearing.

¶26 When a district court makes a discretionary ruling in a postconviction proceeding, such as whether to hold an evidentiary hearing, we review for an abuse of discretion. *Lacey v. State*, 2017 MT 18, ¶ 13, 386 Mont. 204, 389 P.3d 233.

¶27 This Court has acknowledged the cumulative error doctrine, which is the accumulation of errors that prejudice a defendant's right to a fair trial, but noted that mere allegations of error without proof of prejudice are insufficient to satisfy the doctrine. *State v. Grant*, 221 Mont. 122, 137, 717 P.2d 562, 572 (1986). Lotter relies on the Ninth Circuit case *Sanders v. Ryder* in her briefing, which states that "[s]eparate *errors* by counsel at trial and at sentencing should be analyzed together to see whether their cumulative effect deprived the defendant of his right to effective assistance." 342 F.3d 991, 1001 (9th Cir. 2003) (emphasis added).

¶28 As discussed above, Lotter has failed to demonstrate that any of her ineffective assistance claims rose to "errors." The District Court thus was not obligated to consider the cumulative effect of the claims. Rather, the court was allowed, pursuant to § 46-21-201(1)(a), MCA, to dismiss the petition without a hearing on each claim for which it determined the petitioner had failed to state a claim for relief. *See State v. Finley*, 2002 MT 288, ¶ 9, 312 Mont. 493, 59 P.3d 1132 (holding that unsupported allegations do not entitle a petitioner to an evidentiary hearing). As such, the District Court did not abuse

its discretion in dismissing Lotter's Amended Petition after holding a hearing on only one claim.

¶29    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. The District Court correctly applied the law in concluding that Lotter failed to establish her claims of ineffective assistance of counsel. Its order denying her Amended Petition is affirmed.

                                                                    /S/ BETH BAKER

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR


Justice Jim Rice has recused himself and did not participate in the decision of this case.

11