FILED

03/11/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0666

DA 22-0666

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 49N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

DANIEL ALLEN DIETZ,

      Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
                  In and For the County of Lewis and Clark, Cause No. ADC 07-280
                  Honorable Mike Menahan, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Tammy A. Hinderman, Appellate Defender, Helena, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Tammy K Plubell, Assistant Attorney General, Helena, Montana

      Kevin Downs, Lewis and Clark County Attorney, Helena, Montana

Submitted on Briefs:  January 15, 2025

Decided:  March 11, 2025

Filed:

_____
                Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Daniel Allen Dietz (Dietz) appeals an Order Revoking Defendant's Sentence and Amended Judgment from the First Judicial District Court, Lewis and Clark County. Dietz argues on appeal that the District Court committed reversible error when it rendered its disposition before Dietz exercised his right to allocution. Dietz asks this Court to remand his case for resentencing before a new judge. The State argues in response that Dietz failed to address the District Court when he was given the opportunity and that this Court should decline to exercise plain error review.

¶3 We conclude it is not appropriate to exercise plain error review in this case because no objection was made at the District Court and Dietz effectively exercised his right of allocution. The District Court is affirmed.

¶4 On October 3, 2007, Dietz pleaded guilty to two felony charges: sexual intercourse without consent and sexual abuse of children. On November 27, 2007, Dietz was ordered to serve concurrent 50-year sentences at Montana State Prison with 40 years suspended.

¶5 Dietz was subject to a multitude of conditions during his suspended sentence. Notably, Dietz was required to enter and successfully complete the "sex offender treatment

2

with a [Montana Sex Offender Treatment Association] clinical member or associate member with supervision, or equivalent, who is approved by the State and the supervising officer[.]"

¶6 Dietz was granted an interstate compact transfer on October 23, 2020, to begin his community supervision in Pennsylvania following his release from custody in Montana. He was returned to Montana eight months later after violating conditions of his supervision in Pennsylvania and continued supervision under Helena Probation and Parole. Dietz's suspended sentence was ultimately revoked for violating the conditions of his supervised release in Montana.

¶7 The State filed a petition to revoke the suspended sentence in October 2021. An answer hearing was held on May 4, 2022. Dietz made two admissions at this hearing. First, he admitted to being terminated from treatment by Dr. Bowman Smelko (Dr. Smelko), the Montana Sex Offender Treatment Association-approved provider treating Dietz. Second, Dietz admitted to the conduct which resulted in his termination from treatment—having a relationship with an adult female who had minor children without prior approval from his probation officer and Dr. Smelko.

¶8 The District Court accepted the admissions, ordered an update to the Presentence Investigation Report (PSI) created by Probation and Parole Officer Lloyd Dopp, and set a sentencing hearing date.

¶9 The sentencing hearing occurred on September 7, 2022, at which Montana Probation and Parole Officer Jaimee Szlemko (Officer Szlemko), the author of the updated

PSI, was the only witness to offer testimony. The State recommended the District Court revoke Dietz's sentence and order a new sentence of 40 years to the Department of Corrections with 35 years suspended, less credit for time served.

¶10 Counsel for Dietz asked the district court to order another suspended sentence with a stern warning to disclose future relationships at their onset. This recommendation was based, in part, on the following representations by Dietz's counsel: Dr. Smelko agreed to re-admit Dietz to treatment; Dietz secured stable employment for after his release; and Dietz's family was willing to help him with hotel accommodations until he found an apartment.

¶11 Officer Szlemko stated on direct examination she believed the Missoula Assessment and Sanction Center (MASC) was an option for Dietz to receive programming while in custody. She testified further, the State's recommended sentence provides adequate time for Dietz to complete the MASC program if he progresses at a normal rate, and completion of the program is sometimes followed by a conditional release into the community.

¶12 Officer Szlemko was asked on cross examination, "you don't think [Dietz] will go right to the prison?" She responded, "I don't believe so[,]" and explained Dietz would be assessed at MASC and would either stay at the program or go to prison depending on what MASC deemed appropriate.

¶13 The District Court asked Dietz's attorney if there was anything more he wanted to discuss in the PSI following the witness testimony and a discussion between the parties regarding information in the PSI. Dietz's counsel responded, "No. I just have our

4

recommendation. And, then, I'm sure my client wants a statement." Following the recommendation given by Dietz's counsel, the judge asked, "Anything further?" Dietz's counsel responded, "No, Judge."

¶14 The judge then addressed the anomalous character of the State's recommendation, "I think this is the first time I've ever seen them recommend 40 years DOC with [. . .] 35 suspended." He stated his belief that the State was trying to get Dietz back into a treatment program before being reintroduced to the community because the program would not accept his return outright. He added, the State's recommendation was as fair as it could be. He observed, "I've never seen a sentence like this."

¶15 The court signaled an intention to accept the State's recommended sentence. Dietz interjected, however, agreeing with the judge's reasoning that Dietz needed to continue treatment. Dietz did not indicate he wished to speak further. The District Court continued in its comments until Dietz's counsel said, "I understand, Judge. But the defendant did want to say something."

¶16 The judge apologized and declared, "I'm sorry. I stepped ahead of myself. [. . .] Under Montana law, you have a right to make a statement prior to sentencing. I apologize." Dietz then allocuted and acknowledged his "mistakes" and reflected on his almost 11 months in prison "for this[.]" Dietz also highlighted his positive relationship with sobriety and his parole officer. He finished by affirming his belief that he can be a benefit to the community and would "love another chance, if possible."

¶17 The judge responded:

> Okay. So, again, I apologize for stepping on you and not giving you an opportunity to talk first. Again, I do think that a five-year commitment to the Department of Corrections is warranted. I mean, you were kicked out of the treatment program in Pennsylvania before you came to Montana, and then had a second violation. As I—as I said, I look back at Judge McCarter's order from 2007, 2008, whenever it was signed, and it does say that you shall successfully complete Phase—Phases I and II of the sex offender treatment program before parole or discharge. Well, I'm not sure that I can require you to go do that again. I don't know if people do that in the community. I don't know. And, so, I'm afraid, if I put that in the judgment, it will guarantee that you will wind up going to prison. And I don't want that to happen.

The judge finished and asked the parties if there was anything else. The State's attorney responded, "[n]o, Judge." Dietz and his counsel remained silent. The proceeding then concluded.

¶18 "We review a criminal sentence for legality only; that is, whether the sentence falls within the statutory parameters." *State v. Kotwicki*, 2007 MT 17, ¶ 5, 335 Mont. 344, 151 P.3d 892 (citing *State v. Borsberry*, 2006 MT 126, ¶ 11, 332 Mont. 271, ¶ 11, 136 P.3d 993, ¶ 11). "[T]he party asserting plain error must affirmatively demonstrate satisfaction of all elements of the plain error doctrine." *State v. Abel*, 2021 MT 293, ¶ 4, 406 Mont. 250, 498 P.3d 199 (citing *State v. Gunderson*, 2010 MT 166, ¶ 100, 357 Mont. 142, 237 P.3d 74). "Failure to contemporaneously object to an asserted error generally constitutes a waiver of the right to later raise it on appeal." *Abel*, ¶ 4 (citing §§ 46-20-104(2) and -701(2), MCA; *State v. Long*, 2005 MT 130, ¶ 35, 327 Mont. 238, 113 P.3d 290).

¶19 "[H]owever, we may, in our discretion, review and correct an unpreserved assertion of error upon a showing of: (1) a plain or obvious error; (2) that affected a constitutional or other substantial right; and (3) which prejudicially affected the fundamental fairness or integrity of the proceeding." *Abel*, ¶ 4 (citing *State v. Finley*, 276 Mont. 126, 134-38, 915

6

P.2d 208, 213-15 (1996), *partially overruled on other grounds by State v. Gallagher*, 2001 MT 39, ¶ 21, 304 Mont. 215, 19 P.3d 817). "Whether an unpreserved error warrants plain error review is a question of law reviewed de novo." *State v. Trujillo*, 2020 MT 128, ¶ 6, 400 Mont. 124, 464 P.3d 72 (citing *State v. Stratton*, 2017 MT 112, ¶ 7, 387 Mont. 384, 394 P.3d 192).

¶20    We conclude it is not appropriate to exercise plain error review in this case because Dietz was able to, and did in fact, address the District Court prior to a final disposition. In particular, Dietz was not prejudiced because the judge corrected himself appropriately after Dietz's counsel notified the court of Dietz's desire to personally address the court. We further note that counsel, when the court inquired "anything further," did not offer any allocution. Accordingly, the fundamental integrity and fairness of the proceeding was not compromised. We therefore decline to exercise plain error review. The District Court is affirmed.

¶21    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

/S/ LAURIE McKINNON

We Concur:

/S/ CORY J. SWANSON
/S/ KATHERINE M BIDEGARAY
/S/ INGRID GUSTAFSON
/S/ JIM RICE

7